223 So.2d 550 (1969)
Manuel LOPEZ, a Minor, by and through His Natural Father and Guardian, Manolo Lopez, Appellant,
v.
MIDWEST MUTUAL INSURANCE COMPANY, Appellee.
No. 68-949.
District Court of Appeal of Florida. Third District.
June 3, 1969.
Sullivan & Telepas, Irwin J. Block and Barry N. Semet, Miami, for appellant.
Blackwell, Walker & Gray, and James E. Tribble, Miami, for appellee.
Before PEARSON, HENDRY and SWANN, JJ.
PEARSON, Judge.
The plaintiffs in a declaratory action appeal from a final judgment which found *551 that Manuel Lopez was not entitled to uninsured motorist coverage. The judgment reads as follows:
* * * * * *
"1. This is a suit for Declaratory Decree based upon certain insurance contracts executed between the Defendant and the minor Plaintiff, whereby the latter complains that he was not afforded the protection of uninsured motorist coverage in said insurance contracts as required by state law. Defendant alleges that such coverage was rejected by Plaintiff, as authorized by statute.
"2. The court finds that Florida Statute, F.S.A., 627.0851 authorizes a named insured to reject uninsured motorist coverage. The statute does not set forth how said rejection may be effected. That the minor Plaintiff's rejection of uninsured motorist coverage is sufficiently evidenced by the written application for motorcycle insurance. The application contract contains no ambiguities or other insufficiency which would require this court to construe its terms, the court finding that the plain meaning of the words included therein constitute a sufficient rejection of uninsured motorist coverage as authorized by law.
"3. The court finds, in the absence of any ambiguities or other insufficiency that the minor Plaintiff is bound by the terms of the executed application contract and there has been no sufficient allegation or proof of any legal grounds for reforming this contract. It is found the Defendant would not have issued the insurance policy at the same premium rate as charged, were uninsured motorist coverage included. There is insufficient proof of any defect in the form and style of the insurance application as to require construction thereof by the court. * * *"
Manuel Lopez purchased a motorcycle when he was 15 years old. The salesman for the company selling him the vehicle provided him with an application for motorcycle and scooter insurance. By statute the disabilities of non-age are removed as to policies of insurance contracted for by minors 15 years of age or older. See § 627.01051, Fla. Stat., F.S.A. The application contains several blocks, i.e., bordered areas of printing containing squares which might be checked. The application directs applicants to "Check Coverages Desired." Two blocks bear the heading "SPECIAL PACKAGE POLICIES." One of these blocks was checked by appellant Manuel Lopez. It reads as follows:
 "Units 1 Thru 100 cc
 12 Month Policy Providing:
 LIABILITY (limits required by State)
 $25 Ded. COMPREHENSIVE, $25 Ded. COLLISION
 Second 12 Mos. &
 TOTAL PREMIUM  $66.00 RENEWAL  $60.00"
Another block near the bottom of the application reads as follows: "UNINSURED MOTORIST COVERAGE: MUST BE INCLUDED WITH LIABILITY OR PACKAGE POLICY, AT ADDITIONAL PREMIUM OF $10.00, UNLESS REJECTED." Just above the line for signature is a space for the total premium and the words "IN APPLYING FOR THIS INSURANCE I SPECIFICALLY REJECT INSURED MOTORIST COVERAGE, UNLESS INCLUDED IN THE PREMIUM ABOVE." The block for uninsured motorist coverage was not checked. The total premium inserted was $66.00 (the premium for the special package policy of the block checked). The application bears the signature "Manuel Lopez Jr."
*552 On this appeal the immediate question presented is whether the application was so framed as to make the minor appellant's apparent rejection of uninsured motorist coverage ineffective. The requirement that uninsured motorist coverage must be afforded by automobile liability insurers unless rejected by an applicant is found in § 627.0851(1), Fla. Stat., F.S.A.:
"No automobile liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than limits described in § 324.021(7), under provisions filed with and approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage * * *."
Appellants urge us to hold that the policy affords Manuel Lopez uninsured motorist coverage because he never effectively rejected such coverage. They suggest first that the application is uncertain and ambiguous and that therefore the rejection was not effective under the familiar rule that where the terms of an insurance policy are ambiguous they are to be construed most strongly against the insurer and liberally in favor of the insured. See, e.g., Beasley v. Wolf, Fla.App. 1963, 151 So.2d 679. We reject this argument as the trial court did because the application is not misleading or ambiguous. Admittedly the application may appear to have been designed to encourage an applicant to order insurance without adding the premium for uninsured motorist coverage. Nevertheless, the application as a whole, if read, clearly shows that the only way for an applicant to obtain uninsured motorist coverage is to check the block requesting uninsured motorist coverage, add ten dollars to the premium provided in the block specifying the type of special package policy applied for, and enter the sum in the space provided for the total premium.
Appellants further urge that the rejection was ineffective because Manuel Lopez did not know what uninsured motorist coverage was and no one explained it to him. We must reject this argument, too, because Manuel Lopez although a minor was undertaking the sort of adult activity which requires him to be held to adult standards. Cf. Medina v. McAllister, Fla. 1967, 202 So.2d 755. This is especially true in view of § 627.01051, Fla. Stat., F.S.A., above mentioned. The insurance company has no duty to explain uninsured motorist coverage to an insurance applicant unless the applicant asks for an explanation.
We think the controlling question is presented by the contention that Manuel Lopez did not effectively reject the uninsured motorist coverage because the statute providing for such coverage requires a positive act of rejection. He urges that his signing of the application without checking the proper square and adding the ten dollar uninsured motorist coverage premium was not a positive act of rejection. It is arguable that the provisions of the application would be more in keeping with the purpose of the statute if they stated that the premium would automatically be added and uninsured motorist coverage afforded unless a notation were made rejecting the coverage. But the present language of the statute does not in our opinion require the insurance company to insert such a provision in its application. The provisions of the application do not lead an applicant to believe he is receiving uninsured motorist coverage without paying for it. The most unfavorable thing that can be said about the provisions of the application is that they *553 encourage an applicant to reject uninsured motorist coverage by demonstrating to him that he pays ten dollars less premium for his insurance policy by rejecting uninsured motorist coverage. We therefore hold that the rejection of the uninsured motorist coverage by Manuel Lopez was effective. Regulation of insurance companies, including the establishment of requirements concerning the provisions of insurance applications, is not primarily a concern of the judicial branch of government; it is primarily a concern of the other branches.
Affirmed.
HENDRY, J., dissents.