471 P.2d 271

**Florence Mary KOENIG, Individually and as Personal Representative of Patricia Koenig, Deceased, Appellant,**

v.

**MISSION INSURANCE COMPANY, Appellee.**

**No. 9977–PR.**

Supreme Court of Arizona, In Banc.

July 9, 1970.

Rehearing Denied Sept. 15, 1970.

T. Gale Dake, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Thomas. A. McGuire, Phoenix, for appellee.

UDALL, Justice.

This case is before us on a petition for review by plaintiff Mission Insurance Company of a decision of the Court of Appeals. The trial court had granted plaintiff's motion for summary judgment, finding that the deceased, Patricia Koenig, was not covered by uninsured motorist insurance at the time of her fatal automobile accident. On appeal, the Court of Appeals reversed. 11 Ariz.App. 400, 464 P.2d 987 (1970). We vacate the decision of the Court of Appeals and affirm the judgment of the trial court.

Defendant, Mrs. Florence Koenig, is the mother of the deceased, Patricia Koenig. Early in October of 1966, Patricia telephoned to Dick Smith of the Haldiman Brothers Insurance Agency in Phoenix to apply for an automobile insurance policy. Mr. Smith explained to Patricia the various types of insurance coverage available, along with the cost of each. As Patricia indicated the particular types of coverage she wanted, agent Smith drew out a rough copy of an application. Mr. Smith recommended a policy with plaintiff Mission Insurance Company. Patricia stated that she did not want uninsured motorist coverage.

The Haldiman agency then mailed a prepared application to Patricia, accompanied by a letter which instructed Patricia to read the application thoroughly. The application did not include uninsured motorist coverage. On October 10, 1966, Patricia signed the application, and in addition signed her name under a separate clause which specifically waived uninsured motorist coverage in compliance with A.R.S. § 20–259.01. The total premium for the various coverages ordered was $227, which Haldiman agreed to finance by taking six monthly payments of $39.28, totaling $235.-68.

Haldiman Brothers mailed the completed application to plaintiff Mission Insurance Company, which issued a policy on October 14, 1966. However, the policy mistakenly included uninsured/ motorist coverage, at an additional cost of $12.00. Agent Smith read the policy, noted the erroneous addition, and sent a letter to the plaintiff insurance company requesting that the uninsured motorist coverage be deleted. On the same day he forwarded the policy to Patricia, but fearing that the error would merely confuse her he made no mention of the mistake. Accompanying the policy was the following letter from Mr. Smith:

"The policy that you authorized our office to write is enclosed.

We also have received the first payment under the policy for $39.28.

The financing arrangement allows six equal payments due on the first of the month which then pays the policy for the full one year. In your case this means that another payment of $39.28 is due now with four additional payments due on the first of December, January, February and March of $39.28. Then the policy is paid for until next October. Because it is now the 4th of November, would you please send the second payment by return mail."

Mission canceled the uninsured motorist coverage on November 16, 1966, but this was not until two days after Patricia was fatally injured in an automobile accident. Apparently the accident was the fault of the adverse driver, and Mrs. Koenig, defendant below, made a demand for arbitration under the terms of Patricia's insurance policy, specifically the uninsured motorist provision mistakenly included.

The plaintiff insurance company declined to arbitrate, and brought a declaratory judgment action in the Maricopa County Superior Court to have the court determine the respective rights of the parties in reference to the uninsured motorist provision of the policy. The court found that through inadvertence and mistake the uninsured motorist clause had been wrongly included in the policy, that Patricia's waiver of such coverage was valid, and that Patricia had paid no consideration for the uninsured motorist coverage. Plaintiff's motion for summary judgment was granted, the court holding that as a matter of law Mrs. Koenig was not entitled to recover under the uninsured motorist provision. We agree with the trial court's findings.

Although no Arizona case is dispositive of the issue before us, D.M.A.F.B. Federal Credit Union v. Employers Mutual Life Insurance Co. of Wis., 96 Ariz. 399, 396 P.2d 20 (1964), sets forth the principle which compels the conclusion we reach to-

day. In that case, Justice Lockwood wrote as follows:

"In the absence of a statutory provision which will be read into each policy issued thereunder and cannot be contracted away by either party, * * * the principles to be applied in construing an insurance policy have been stated by this Court in a series of decisions and may be summarized as follows: The cardinal principle pertaining to the construction and interpretation of insurance contracts is that the intention of the parties should control." 96 Ariz. at 402, 396 P.2d at 22.

Patricia Koenig's application for insurance contained her express intention to waive the uninsured motorist coverage. With respect to the company's intention, we deem it of significance that the agent advised the company of the mistake as soon as he received the policy and that the company took prompt action to correct the error.

Prior to her death, Patricia had made one payment of $39.28 to the Haldiman Agency. As explained above, this amount was based on a financed premium of $227, the total insurance premium without uninsured motorist coverage. Patricia was never charged, nor did she ever pay for the uninsured motorist provision which was mistakenly included in her policy. Therefore, the trial court correctly concluded that no consideration was ever exchanged for the uninsured motorist coverage. Mission Insurance Company promptly deleted the unintended provision when requested to do so by the Haldiman agency.

A.R.S. § 20–259.01, providing for uninsured motorist coverage, states in pertinent part as follows:

"This coverage shall at the time the policy is issued be called to the attention of the named insured who shall have a right to reject such coverage."

While the statute is silent as to how such rejection is to be expressed, we hold that a written waiver of such coverage in the insured's application for insurance is sufficient to reject the uninsured motorist provision. This same conclusion was recently reached by appellate courts in Georgia and Florida. See American Liberty Ins. Co. v. Sanders, 120 Ga.App. 1, 169 S.E.2d 342 (1969); Lopez v. Midwest Mutual Ins. Co., 223 So.2d 550 (Fla.App.1969).

Defendant cites the case of Utah Home Fire Insurance Co. v. McCarty, 266 Cal. App.2d 892, 72 Cal.Rptr. 460 (1968), as support for her position that the uninsured motorist provision was not validly waived.

In *Utah Home Fire*, the insured signed a policy endorsement form which waived such coverage. However, the form specifically provided that the endorsement would be attached to the policy, that there was to be a "return premium" and that it would be countersigned by the company. None of these conditions ever occurred and when the insured's policy was delivered to him it contained an uninsured motorist clause. The California court concluded that the waiver was ineffective, in light of the circumstances, to reject uninsured motorist coverage.

In *Utah Home Fire* the signed waiver was ineffective because it did not comply with its own required conditions. The company failed to countersign and attach the waiver endorsement to the policy. There was no return premium made in consideration for the waiver. In the present case, the waiver in the application was clear and effective. Only through clerical error, which the company promptly endeavored to correct, was the uninsured motorist provision included in the policy.

The judgment of the trial court is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and McFARLAND, J., concur.

NOTE: Justice JACK D. H. HAYS, having disqualified himself, did not participate in the determination of this appeal.