525 P.2d 306

Paul J. CHAMBERS and Terry Chambers, his wife, Appellants,

v.

Hal B. OWENS and Kathy Owens, his wife, New York Life Insurance Co., a New York corporation; State Farm Mutual Automobile Insurance Company, a corporation, Appellees.

No. 1 CA–CIV 2110.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 27, 1974.

Rehearing Denied Oct. 10, 1974.

Review Denied Jan. 21, 1975.

Divelbiss & Gage by G. David Gage, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Joylon Grant, Ralph E. Hunsaker, Phoenix, for appellee State Farm Ins. Co.

Lewis & Roca by John P. Frank, Thomas C. Horne, John A. Miller, Mary M. Schroeder, Phoenix, for appellee Summit Home Ins. Co.

## OPINION

OGG, Judge.

This appeal involves the extent of coverage afforded to a person under Arizona's uninsured motorist statute—A.R.S. § 20–259.01.[1] The primary question to be decid-

1. At the time this case arose the relevant and controlling statute, § 20–259.01, provided:

"On and after January 1, 1966, no automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle, shall be delivered or issued for delivery in this state, with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in § 28–1142, under provisions filed with and approved by the insurance director, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of un-

insured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. This coverage shall at the time the policy is issued be called to the attention of the named insured who shall have the right to reject such coverage. Unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer. For the purposes of the coverage provided for pursuant to this section, 'uninsured motor vehicles', subject to the terms and conditions of such coverage, includes any insured motor vehicle where the liability insurer thereof is unable to make payment

ed is whether an insurance company which insures several vehicles of an insured is exposed to liability under § 20–259.01 for those vehicles which are owned by the insured but not declared or paid for in an existing policy.

On August 3, 1971 appellant-plaintiff Paul Chambers, while riding a motorcycle, was involved in an accident. The other vehicle was driven by appellee-defendant Hal B. Owens, an uninsured motorist.

At the time of the accident Chambers held three separate insurance policies; two policies were with State Farm Insurance Company and each carried uninsured motorist coverage. Chambers elected to insure the motorcycle with Arrow Insurance Company (Summit Insurance Company is the successor of Arrow). In the application provided by Summit, a waiver of uninsured motorist coverage was made available to the applicant. The insured could refuse the uninsured coverage only by signing a distinct portion of the application. Chambers signed the waiver, accordingly refusing uninsured motorist coverage and obtaining the policy at a reduced cost.

Chambers now seeks recovery against State Farm Insurance Company claiming the the uninsured motorist coverage afforded in his auto policies extends to injuries sustained while on his motorcycle, even though the motorcycle was not listed in either State Farm policy. He also seeks recovery from Summit, claiming there was no valid rejection of the uninsured motorist coverage.

At the trial court level Summit moved for summary judgment, basing its motion on the contention that Chambers validly rejected uninsured motorist coverage, thereby releasing Summit from liability. The trial court granted the motion. State Farm also moved for summary judgment, presenting the argument that the motorcycle was not covered by the policies held by Chambers. The trial court granted State

Farm's motion. In our opinion the trial court properly granted the motions for summary judgment.

The language of the State Farm policy is clear. Section III of the policy excludes certain occurrences from coverage:

"THIS INSURANCE DOES NOT APPLY:

(b) TO BODILY INJURY TO AN INSURED WHILE OCCUPYING OR THROUGH BEING STRUCK BY A LAND MOTOR VEHICLE OWNED BY THE NAMED INSURED OR ANY RESIDENT OF THE SAME HOUSEHOLD, IF SUCH VEHICLE IS NOT AN OWNED MOTOR VEHICLE."

An "owned motor vehicle" is defined by Section I of the State Farm policy as a:

". . . motor vehicle or trailer *described in the declarations* . . ." [Emphasis added]

Chambers did not declare the motorcycle in either of his insurance policies with State Farm and consequently the explicit terms of the policies do not cover Chambers' accident while on the motorcycle.

Chambers attempts to escape the exclusion by his contention that it is void as against Arizona's uninsured motorist statute. Several foreign jurisdictions have considered identical exclusionary clauses against statutes similar to Arizona's. See State Farm Automobile Insurance Co. v. Reaves, 292 So.2d 95 (Sup.Ct.Ala.1974); Touchette v. Northwestern Mutual Insurance Co., 80 Wash.2d 327, 494 P.2d 479 (1972). Those jurisdictions have found the exclusionary clauses to be void. They reason that the intent of the legislation is to protect persons from accidents which may not be compensible because of financially irresponsible defendants. We agree with the stated intent of the statute; how-

on the liability of its insured, within the limits of the coverage, because of insolvency."

It should be noted, however, that the statute has now been amended but does not affect the decision in this case.

ever, we cannot ascribe to the breadth attributed it by some jurisdictions.

 Insurance premiums are adduced by an actuarial allocation of risks. Ascription to the Alabama or Washington theory would force the insurance company to render uninsured motorist coverage to all vehicles owned by the insured as long as one vehicle was properly covered by the initial policy. An insurance company is not a gratuitous guarantor. We find nothing in the statute or case law which compels us to place the insurer in that position. Accord, Owens v. Allied Mutual Ins. Co., 15 Ariz. App. 181, 487 P.2d 402 (1971). In that case the court stated:

> "We can see nothing in the statute which requires an insurer to extend uninsured motorist protection under one policy to a policyholder who has elected not to insure another vehicle owned by him, so as to give coverage at such times as he might be driving that · uninsured vehicle. Any other interpretation would allow an insured to purchase one liability policy on one owned vehicle and claim uninsured motorist coverage thereunder for himself and others while driving any number of other uninsured automobiles also owned by him." 15 Ariz.App. at 182, 487 P.2d at 403.

See also Holcomb v. Farmers Insurance Exchange, 254 Ark. 514, 495 S.W.2d 155 (1973); Shipley v. American Standard Insurance Company of Wisconsin, 183 Neb. 109, 158 N.W.2d 238 (1968).

Chambers contends that Summit is liable because there was no valid rejection of the uninsured motorist coverage. We do not agree. The application form had a separate waiver which allowed the applicant to reject the uninsured motorist coverage. Chambers signed his name and effectively rejected the coverage. The written waiver in the insured's application is sufficient to satisfy the requirements of A.R.S. § 20–259.01. Koenig v. Mission Insurance Co., 106 Ariz. 75, 471 P.2d 271 (1970).

The Court is unable to sustain Chamber's contention that he relied on State Farm's slogan "ALL YOU NEED TO KNOW ABOUT INSURANCE IS STATE FARM." Chamber's actions in insuring the motorcycle with Summit negates any reliance argument made by him. The other contentions of petitioner Chambers are moot because of the basic determinations made in this case.

The judgment is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.