396 So.2d 855 (1981)
GENERAL INSURANCE COMPANY OF FLORIDA, Appellant,
v.
Johnnie SUTTON and Cynthia Sutton, Individually and As Husband and Wife, Appellees.
No. 80-1346.
District Court of Appeal of Florida, Third District.
April 14, 1981.
*856 Thompson & Clark and Robert Schwartz, Miami, for appellant.
Gilmour, Morgan & Rosenblatt and Thomas J. Morgan, Miami, for appellees.
Before HUBBART, C.J., and BASKIN and FERGUSON, JJ.
BASKIN, Judge.
We affirm the Final Declaratory Judgment entered by the trial court which determined that appellees' insurance policy afforded them uninsured motorist coverage. Our holding is predicated upon our determination that at the time appellee Johnnie Sutton signed the contract for insurance coverage at the direction of appellant's employee, he was not advised that he was also rejecting uninsured motorist coverage. His belief that he was obtaining the full coverage he requested was borne out by the face of the policy he was furnished, which showed uninsured motorist coverage.
Although an insurance company is not required to explain uninsured motorist coverage to an applicant unless requested to do so by the applicant, Lopez v. Midwest Mutual Insurance Co., 223 So.2d 550 (Fla.3d DCA 1969), and an applicant may not contest his signed rejection of coverage by contending that he signed the rejection without reading it, Alejano v. Hartford Accident and Indemnity Co., 378 So.2d 104 (Fla.3d DCA 1979), under section 627.727, Florida Statutes (1971) uninsured motorist coverage must be offered. Fla. Admin. Code Rule 4-28.02 (repealed 1979). The documents under consideration fail to disclose that appellee was offered that coverage. Favored statutory construction upholds the furnishing of uninsured motorist coverage. Hartford Accident and Indemnity Co. v. Sheffield, 375 So.2d 598 (Fla.3d DCA 1979).
Affirmed.