PER CURIAM.
This is an appeal by the personal representative of the insured from a summary judgment issued against her and in favor of the insurer upon the latter’s counterclaim for declaratory judgment. We reverse.
The issue before us is the extent of uninsured motorist coverage the insured had when killed by an uninsured motorist as the insured attempted to cross the street in Vero Beach.
The case is rather bare-boned in that the appendices are limited to the pleadings together with a copy of the insured’s applica *544 tion and a brochure allegedly given the insured by his insurer. The appendices and briefs establish that the insured executed an application for insurance which provided for uninsured motorist coverage of $15,000. The insured selected bodily injury coverage of $50,000 per person, $100,000 per accident, but the application form limited uninsured motorist coverage to $15,000.[1]
Section 627.727, Florida Statutes (1979), the governing statute, provides inter alia:
(1) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. However, the coverage required under this section shall not be applicable when, or to the extent that, any insured named in the policy shall reject the coverage. . . .
(2) The limits of uninsured motorist coverage shall be not less than the limits of bodily injury liability insurance purchased by the named insured, or such lower limit complying with the company’s rating plan as may be selected by the named insured, but in any event the insurer shall make available, at the written request of the insured, limits up to $100,-000 each person, $300,000 each occurrence, irrespective of the limits of bodily injury liability purchased, in compliance with the company’s rating plan.
Appellee alleged in its counterclaim that at the time it provided the insured with the application for insurance, which he signed, it also furnished a brochure. The brochure informed the insured that Florida Insurance Law required the insurer to make available uninsured motorist coverage with limits equal to the bodily injury liability protection which, in this case, would be $50,000/$100,000. The brochure provided a form an insured could fill out and sign, requesting the additional uninsured motorist coverage.[2]
Appellant, in her answer to the counterclaim, alleged that she was without knowledge of the brochure having been furnished. Florida Rule of Civil Procedure 1.110(c) provides that a statement in an answer that a pleader is without knowledge operates as a denial. Here, we have no affidavit by the insurer that the brochure was furnished. Consequently, summary judgment should not have been awarded to the insurer in light of the denial by the personal representative of an informing offer. “There can be no informed rejection in the absence of an informing offer." Spaulding v. American Fire and Indemnity Co. (Fla. 4th DCA Case No. 80-1328, opinion filed Nov. 4,1981).
Accordingly, we reverse and remand for proceedings consistent herewith.
REVERSED AND REMANDED.
HERSEY and GLICKSTEIN, JJ., concur.
BERANEK, J., dissents with opinion.

. Appellant in her answer to appellee’s counterclaim denied the insured’s execution of the application. Appellee’s statement of facts made the same allegation as the counterclaim and appellant did not dispute the allegation in her reply brief.

. The brochure indicated that the uninsured motorist coverage could not be higher than the bodily injury liability limits selected by the insured, which flies in the face of Section 627.-727, Florida Statutes (1979). The insurer should have made known that upon written request of the insured, limits of $100,000/$300,-000 uninsured motorist coverage would be available. Notwithstanding this error on the insurer’s part, we do not believe solely on this basis that the insured would be entitled to a judgment that held the insured’s coverage was $100,000/$300,000 in the absence of a written request from the insured or of evidence that the coverage would not have been provided even if requested or that the insured selected the highest uninsured motorist coverage offered by the insured, i. e., $50,000/$ 100,000 here.