418 So.2d 431 (1982)
Maria REALIN and Jose Realin, Her Husband, Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Appellee.
No. 81-1021.
District Court of Appeal of Florida, Third District.
August 24, 1982.
Robert A. Glassman, Miami, for appellants.
Talburt, Kubicki & Bradley and Betsy E. Hartley and Jon Derrevere, Miami, for appellee.
Before SCHWARTZ, NESBITT and FERGUSON, JJ.
NESBITT, Judge.
A recurring question is whether the insured made a knowing rejection of the higher uninsured motorist benefits afforded by the policy issued, as is required by Section 627.727(1), Florida Statutes (1975). The trial court found, in this case, that he did and granted final summary judgment in favor of the defendant, State Farm Fire and Casualty Company (State Farm). We disagree and reverse.
The insured, Jose Realin, has difficulty communicating in the English language. He purchased a tow truck in December of 1975, after which he applied for and obtained from State Farm an automobile insurance policy containing bodily injury liability limits of $50,000/$100,000 and uninsured motorist coverage of $15,000/$30,000. Section 627.727(1), supra, mandates that uninsured motorist coverage limits be no less than bodily injury liability limits, unless, and to the extent that, the higher uninsured motorist limits are rejected by the insured. When Realin's policy was issued, no attempt was made to have him reject the higher uninsured motorist coverage. However, four days later, he received a "rejection form" in the mail, which he signed and returned by mail to State Farm.
*432 Realin's policy automatically renewed at six-month intervals on the identical terms and with the same premiums as in the original policy.[1] After the first renewal, Realin's wife received serious injuries as the result of an automobile collision with an underinsured tortfeasor. The Realins then sought a judgment declaring that the uninsured motorist limits in their policy were equal to the bodily injury liability limits.
It is apodictic that any rejection by the insured of the higher uninsured motorist limits must be a knowing one. Travelers Insurance Company v. Spencer, 397 So.2d 358 (Fla. 1st DCA 1981); United States Fidelity and Guaranty Co. v. Darden, 338 So.2d 37 (Fla. 3d DCA 1976), cert. dismissed, 353 So.2d 680 (Fla. 1977). State Farm argues, citing Alejano v. Hartford Accident and Indemnity Company, 378 So.2d 104 (Fla. 3d DCA 1979) and Lopez v. Midwest Mutual Insurance Company, 223 So.2d 550 (Fla. 3d DCA 1969), that Realin's signature on the mailed form means that he is bound by its contents despite his apparent inability to understand them.
The so-called "rejection form" offered Realin two options  either reject uninsured motorist coverage completely, or elect the lower limits of liability stated in the policy. A check mark was placed in the box next to the option to elect lower limits.[2] Obviously, the form did not inform Realin of the availability of the higher uninsured motorist limits, nor did it offer such limits to him. Furthermore, there was no evidence in the record or testimony from State Farm agents that Realin was at any time informed that he could obtain uninsured motorist coverage in an amount at least equal to the limits of the bodily injury liability.
Although an insurer has no duty to explain uninsured motorist coverage to an insurance applicant unless asked, General Insurance Company of Florida v. Sutton, 396 So.2d 855 (Fla. 3d DCA 1981); Alejano v. Hartford Accident and Indemnity Company, supra, there is a duty to inform the applicant of the availability of the higher limits and to offer those limits to him. Spaulding v. American Fire & Indemnity Company, 412 So.2d 367 (Fla. 4th DCA 1982); General Accident Fire & Life Insurance Corporation v. MacKenzie, 410 So.2d 558 (Fla. 4th DCA 1982); Lustig v. Colonial Penn Insurance Company, 406 So.2d 543 (Fla. 4th DCA 1981); Travelers Insurance Company v. Spencer, supra; General Insurance Company of Florida v. Sutton, supra. "There can be no informed rejection in the absence of an informing offer." Spaulding v. American Fire & Indemnity Company, 412 So.2d at 371; Lustig v. Colonial Penn Insurance Company, 406 So.2d at 544. State Farm failed to present any evidence of an informing offer. Therefore, its motion for summary judgment should not have been granted.
For the foregoing reasons, the final summary judgment is reversed and the cause is remanded for further proceedings.
NOTES
[1] Consequently, we are not involved with a significant change requiring a new rejection such as that in Hartford Accident and Indemnity Company v. Sheffield, 375 So.2d 598 (Fla. 3d DCA 1979).
[2] It is not clear whether the mark was placed there by Realin or by someone at State Farm before the form was mailed out.