PER CURIAM.
Following a nonjury trial, the lower court found that Mr. Mitchell, husband of appel-lee Mary Mitchell, did not make a knowing rejection of uninsured motorist coverage in his purchase of an automobile insurance policy from appellant Government Employees Insurance Company. Mrs. Mitchell was an insured under the policy.
Section 627.727(1), Florida Statutes (1981), has been interpreted as requiring an insurer to provide uninsured motorist coverage to policyholders in an amount equal to their bodily injury liability coverage unless the named insured has rejected, or selected lower limits of, uninsured motorist coverage. The rejection of equal coverage must be an affirmative, knowing rejection. The record supports the trial court’s decision: Appellant failed to prove by competent substantial evidence that Mr. Mitchell exercised an affirmative, knowing rejection of full uninsured motorist coverage limits. Therefore, appellee had the right to such full coverage. See Kimbrell v. Great American Insurance Co., 420 So.2d 1086 (Fla.1982); Realin v. State Farm Fire and Casualty Co., 418 So.2d 431 (Fla. 3d DCA 1982); *580 Travelers Insurance Co. v. Spencer, 397 So.2d 358 (Fla. 1st DCA 1981); Lumbermen’s Mutual Casualty Co. v. Beaver, 355 So.2d 441 (Fla. 4th DCA 1978).
AFFIRMED.
OTT, C.J., and RYDER and DANAHY, JJ., concur.