440 So.2d 452 (1983)
Irving ZISOOK and Jean Zisook, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Appellee.
No. 82-1972.
District Court of Appeal of Florida, Third District.
November 1, 1983.
Horton, Perse & Ginsberg, Murray Yanks, Miami, for appellants.
Talburt, Kubicki & Bradley and Betsy E. Hartley, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
Zisook, the plaintiff below in a declaratory action involving uninsured motor vehicle limits, appeals a judgment in favor of State Farm. For the reasons which follow, we reverse and remand for a new trial.
In 1977 Zisook applied to State Farm for automobile insurance. The written application bearing his signature indicates bodily injury limits of $100,000/$300,000. The application also indicates a selection of uninsured motor vehicle limits lower than the bodily injury limits and indicates these uninsured motor vehicle limits to be $10,000/$20,000. After sustaining injuries in a motor vehicle accident, Zisook sought a declaratory judgment that his uninsured motor vehicle limits were actually $100,000/$300,000. A final summary judgment in favor of Zisook was reversed by this *453 court. See State Farm Mutual Automobile Insurance Co. v. Zisook, 393 So.2d 1191 (Fla. 3d DCA 1981).
At trial, Zisook contended that he had orally requested the higher limits but that, evidently, the State Farm agent's secretary had mistakenly indicated on the written application the lower limits. The State Farm agent testified that, per normal office procedure, he had inquired as to Zisook's insurance needs, explained the options and taken notes and passed these on to his secretary to complete the written application for Zisook to sign. The State Farm agent's notes were entered into evidence and are reproduced here:

The trial court instructed the jury, over Zisook's objection, "that a party who signs his name to an instrument is bound by the terms of the instrument and cannot deny the contents of the instrument on the grounds that he signed it without reading it, unless he shows facts indicating circumstances which prevented his reading it." The jury rendered an interrogatory verdict, finding that Zisook knowingly selected uninsured motor vehicle limits of $10,000/$20,000.
*454 Zisook argues that it was error for the trial court to give a "signature is binding" instruction. We agree. An informed rejection of uninsured motor vehicle coverage cannot, without extrinsic evidence, be implied from the insured's signature on the application for uninsured motor vehicle coverage. American Motorists Insurance Co. v. Weingarten, 355 So.2d 821 (Fla. 1st DCA 1978).
Reversed and remanded for a new trial.