469 So.2d 191 (1985)
Janean M. JACKSON, As Personal Representative of the Estate of Clinton W. Jackson, Deceased and Janean M. Jackson, Individually, Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Appellee.
No. 84-78.
District Court of Appeal of Florida, Second District.
May 22, 1985.
*192 Joseph P. McNulty of McNulty, Moritz & Dickey, Largo, for appellant.
H. Shelton Philips of Kaleel & Kaleel, St. Petersburg, for appellee.
LEHAN, Judge.
Plaintiff appeals from a summary judgment for the defendant insurance company in an action for uninsured motorist insurance benefits. We affirm.
In 1978 Mrs. Jackson on behalf of her husband applied to an agent of State Farm Fire and Casualty Company for insurance on two cars then covered by State Farm policies issued in Michigan. Mrs. Jackson signed the applications for liability coverage with $100,000/$300,000 limits and uninsured motorist coverage with $20,000/$40,000 limits on each of the two cars.
In 1979 Mr. Jackson applied for insurance coverage for a newly-acquired motorcycle. The motorcycle was added to one of the prior policies. The liability coverage limits for the motorcycle were $100,000/$300,000, but there was no provision for uninsured motorist coverage on the motorcycle.
Subsequently, Mr. Jackson was killed while riding the motorcycle when it collided with an under-insured motor vehicle. State Farm denied that there was uninsured (or under-insured) motorist coverage with respect to the motorcycle. Mrs. Jackson, individually and as personal representative of her husband's estate, filed a declaratory judgment action seeking a determination of the uninsured motorist coverage. She claimed that because there was no offer of uninsured motorist coverage by State Farm and no informed rejection thereof by Mr. Jackson, pursuant to section 627.727, Florida Statutes (1979), the court should declare that uninsured motorist coverage existed to the extent of the $100,000/$300,000 liability coverage.
State Farm moved for summary judgment, relying principally upon a written rejection of uninsured motorist coverage on the motorcycle signed by Mr. Jackson and on the deposition of the insurance agent's employee, Ms. Claxton, who had handled the Jackson's account. In her deposition, Ms. Claxton testified that she fully explained to Mr. Jackson his options under Florida law regarding uninsured motorist *193 coverage. She stated that Mr. Jackson said he was only driving the motorcycle to and from work and wanted just the coverage he really had to have. Mr. Jackson signed the uninsured motorist rejection slip in Ms. Claxton's presence.
As part of her deposition testimony, Ms. Claxton recalled that Mrs. Jackson was also present when Mr. Jackson signed the rejection slip. However, Mrs. Jackson testified by deposition and affidavit that she was not present at that time. Mrs. Jackson's deposition also authenticated Mr. Jackson's signature on the slip.
The trial court granted State Farm's motion for summary judgment and entered final judgment for State Farm, finding that there was no genuine issue as to any material fact.
On appeal Mrs. Jackson argues that the discrepancy between her testimony and that of Ms. Claxton concerning Mrs. Jackson's presence when her husband signed the rejection slip creates an issue as to a material fact. We disagree. The material fact allegedly at issue here is whether State Farm offered uninsured motorist coverage to Mr. Jackson and whether he made an informed rejection of that coverage. Construing all evidence most favorably to Mrs. Jackson, the nonmoving party, as we must do, see O'Connell v. Walt Disney World Co., 413 So.2d 444 (Fla. 5th DCA 1982), we would disregard all testimony of Ms. Claxton, assuming arguendo that the discrepancy between the testimony of Ms. Claxton and Mrs. Jackson discredits all of Ms. Claxton's testimony.
But what evidence favorable to Mrs. Jackson would then remain? None. Mrs. Jackson has not produced any evidence to show that, contrary to the signed rejection slip, Mr. Jackson was not offered uninsured motorist coverage.
It is true that without Ms. Claxton's testimony, there is no evidence as to whether Mr. Jackson's rejection of the coverage was an informed rejection. Also, we are aware that the "question of whether an insured has knowingly rejected uninsured motorist coverage ... is an issue to be decided by the trier of fact." Kimbrell v. Great American Insurance Co., 420 So.2d 1086 (Fla. 1982). However, in this case, Mrs. Jackson has presented no evidence to support her contentions. We are aware of no case which states that in this type of situation the insurance company has the initial burden of proving that there was a knowing rejection. In cases where a court has said that the insurance company presented insufficient evidence of a knowing rejection, there has been some evidence, beyond a mere allegation, from which it could be concluded that no knowing rejection was made. See, e.g., Realin v. State Farm Fire and Casualty Co., 418 So.2d 431 (Fla. 3d DCA 1982) (rejection form mailed to insured with no accompanying explanation); Travelers Insurance Co. v. Spencer, 397 So.2d 358 (Fla. 1st DCA 1981) (insured denied rejecting uninsured motorist coverage); American Motorist Insurance Co. v. Weingarten, 355 So.2d 821 (Fla. 1st DCA 1978) (insured testified he was not offered uninsured motorist coverage).
Section 627.727(1) provides that uninsured motorist coverage shall be afforded to insureds under a motor vehicle liability policy but that an insured under such a policy does not have statutorily required uninsured motorist coverage when that coverage has been rejected in writing by the insured. Under this statutory plan we believe that an insurer, by presenting evidence of such a written rejection, prima facie establishes that no uninsured motorist coverage applies. Thereupon, the burden of proof shifts to the insured to show that the rejection was not knowing. Accordingly, in this case Mrs. Jackson, by presenting no evidence to support her contentions, did not carry her burden of proof.
The summary judgment is affirmed.
SCHEB, A.C.J., and DANAHY, J., concur.