472 So.2d 807 (1985)
ALLSTATE INSURANCE COMPANY, aPPELLANT/cROSS-aPPELLEE,
v.
Edward ECKERT, Appellee/Cross-Appellant.
No. 84-433.
District Court of Appeal of Florida, Fourth District.
July 3, 1985.
Rehearing Denied August 7, 1985.
*808 John R. Hargrove of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellant/cross-appellee.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellee/cross-appellant.
DOWNEY, Judge.
This is a timely appeal from a final judgment finding that the amount of available uninsured motorist (U.M.) coverage to the plaintiff under the policy issued by the defendant, Allstate Insurance Company, to its named insured, Andrew Eckert, is in an amount equal to his bodily injury liability limits of $100,000 per person, $300,000 per accident, with two vehicles listed on the policy susceptible of being stacked. The rationale of the final judgment is that Allstate failed to demonstrate compliance with its duty under section 627.727(1), Florida Statutes, to secure an informed rejection of U.M. coverage equal to bodily injury limits.
Eckert filed suit below for declaratory relief and damages against Allstate, alleging that U.M. coverage should have been afforded as ultimately found by the trial court. Allstate claimed that the amount of U.M. coverage available was $15,000 per person and $30,000 per accident, with two vehicles on the policy susceptible of being stacked for a total U.M. coverage of $30,000.
We have reviewed the form used by Allstate and find it adequate to advise an insured of his rights under the statute. Based on the evidence adduced, we believe as a matter of law the trial court should have ruled that Eckert was properly informed and made a knowing rejection. That evidence is that Allstate mailed the subject form to all its insureds, amounting to over 250,000 customers. The first part of the form explained the changes in the uninsured motorist statute and the requirements for rejection. The second part of the form, which was detachable, contained *809 two choices for rejection of the higher limits. In addition, it instructed the insured to contact his agent or the company's nearest office if he had any question concerning the policy. Eckert testified that he returned the tear-off portion of the form with a checkmark in the box indicating he desired no change in his U.M. coverage. He stated that he did not recall receiving the first part of the form. Thus, the narrow question presented to the trial court was whether Eckert received the entire form furnished by Allstate to its customers.
In the face of Allstate's testimony as to its business practice of mailing the form to its insureds, and Eckert's returning a portion of it to Allstate, there is a presumption that Eckert received the entire form and marked it rejecting any increased U.M. coverage. The rule is that, when something is mailed by a business, it is presumed that the ordinary course of business was followed in mailing it and that the mail was received by the addressee. Brown v. Giffen Industries, Inc., 281 So.2d 897 (Fla. 1973). To expect evidence as to the individual, actual act of mailing or as to receipt of the mailed item would be "totally unreasonable." Id. at 900. Additionally, where several papers are enclosed in one envelope, when one is received, there is a strong presumption that they all were. See 31A C.J.S. Evidence § 136 (1983). With regard to Eckert's testimony that he did not remember receiving the entire form, such testimony should be regarded with caution. Failure to remember whether something mailed is received is usually considered insufficient to overcome the presumption of receipt, as is also the impression that it was not received. 31A C.J.S. Evidence § 136 (1983). Accordingly, Eckert's failure to recall receipt of the entire form is insufficient to rebut the presumption that it was received. Since no credible evidence sufficient to sustain a finding of the nonexistence of the presumed fact was introduced, the trier of fact was required to assume the existence thereof. § 90.302, Fla. Stat. (1983).
The trial court relied upon Realin v. State Farm Fire & Casualty Company, 418 So.2d 431 (Fla. 3d DCA 1982); however, that case is distinguishable in several particulars. The form used in Realin did not inform or offer the insured higher limits; it simply gave the insured two choices, either reject coverage completely or elect the lower limits of U.M. stated in the original policy. Furthermore, the insured in Realin had difficulty communicating in the English language. Additionally, it was not clear whether the insured or the insurer's agent checked the box next to the option to elect lower limits.
We are not unmindful of the rule of law that whether a rejection is a knowing rejection is an issue to be decided by the trier of fact. Kimbrell v. Great American Insurance Company, 420 So.2d 1086 (Fla. 1982). However, that rule is inapposite here because the trial court misconstrued the legal effect of the evidence, based on its failure to apply the appropriate evidentiary presumptions.
The judgment appealed from is reversed and the cause is remanded with directions to enter judgment for Allstate, holding the U.M. rejection effective.
REVERSED and REMANDED.
HURLEY and WALDEN, JJ., concur.