HERSEY, Chief Judge,
dissenting.
The rule is clear that a rejection by an insured of uninsured (underinsured) motorist coverage equal to his liability limits and selection of lower amounts of coverage must be knowing and informed. Kimbrell v. Great American Insurance Co., 420 So.2d 1086 (Fla.1982). Whether an insured made an effective (that is: informed) rejection is a question of fact and the insurer has the burden of proof. Lane v. Waste Management, Inc., 432 So.2d 70 (Fla. 4th DCA), rev. denied, 441 So.2d 633 (Fla. *3 1983). The effect of failure to meet this burden is that the insured will be deemed to have uninsured motorist coverage in an amount equal to his liability limits.
The testimony was in conflict as to the nature and extent of discussions of uninsured motorist coverage between the insured and his wife and the agent. Further, although the application for insurance clearly reflected an election by the insured of uninsured motorist limits lower than the liability coverages, this admittedly does not carry the day. Zisook v. State Farm Mutual Automobile Insurance Co., 440 So.2d 452 (Fla. 3d DCA 1983). However, the insured here in addition to signing the application signed a separate uninsured motorist coverage option form which provides: “I do not want Uninsured Motorist Limits equal to my Bodily Injury Liability Limits.” This seems to me to be sufficient to show a knowing, informed rejection of the maximum limits available. There is no requirement in the statute or in the cases that the coverage option be given orally by the agent. The written rejection form speaks for itself as to its sufficiency. It is well established that “an applicant may not contest his signed rejection of coverage by contending that he signed the rejection without reading it,” General Insurance Co. of Florida v. Sutton, 396 So.2d 855, 856 (Fla. 3d DCA 1981), unless he was prevented from reading it, Alejano v. Hartford Accident and Indemnity Co., 378 So.2d 104 (Fla. 3d DCA 1979), and there is no such evidence on this record. The fact that the insured may not have understood the ramifications of uninsured motorist coverage is also no defense because “an insurer has no duty to explain uninsured motorist coverage to an insurance applicant unless asked .... ” Realin v. State Farm Fire and Casualty Co., 418 So.2d 431, 432 (Fla. 3d DCA 1982).
In short, I would find a knowing, informed rejection and selection of lower limits and would therefore reverse.
With respect, I therefore dissent.