HERSEY, Chief Judge.
David and Earla Sims appeal from a summary final judgment granting Allstate's counterclaim for declaratory relief.
In 1976 Allstate provided an automobile insurance policy to appellant, David Sims, containing limits of $50,000/$100,000 for both bodily injury liability and uninsured motorist coverage. In September 1977 ap *1075 pellant requested by telephone that his bodily injury coverage be reduced to $10,-000/$20,000. A new policy was issued reducing both liability coverage and uninsured motorist coverage to these limits. The policy was continuously renewed without change in either type of coverage and was in effect in May of 1979 at the time of the automobile accident giving rise to this litigation.
Appellants unsuccessfully contended below and continue to maintain here that they are entitled to the maximum limits of uninsured motorist coverage provided for by section 627.727(2), Florida Statutes (1977), even though such coverage exceeds their bodily injury liability limits.
Appellants’ position is not entirely untenable. Their argument is at least superficially supported by language contained in a footnote to Lustig v. Colonial Penn Insurance Co., 406 So.2d 543, 544 n. 2 (Fla. 4th DCA 1981), to the effect that “[t]he insurer should have made known that upon written request of the insured” the higher coverage was available.
The difficulty is that the suggestion in the footnote was not the holding in the Lustig case. Additionally, it was offered in a setting in which the insurer had made a written misrepresentation that no such higher limits were available. As we interpret the court’s language there was no intent to impose on insurers an affirmative duty to disclose availability of higher limits in the first instance, in the absence of a written request by the insured. No such duty appears in the plain language of the statute. This court’s intention in Lustig was to caution insurers that if a representation was to be made concerning the availability of higher uninsured motorist coverage, whether self-initiated or in response to an inquiry, it must be a correct statement.
The statute seems clear. Uninsured motorist coverage to limits of $100,-000/$800,000 must be made available "at the written request of the insured” even if the insured’s bodily injury liability coverage is lower. § 627.727(2), Fla.Stat. (1977). Our emphasis is on the language within quotation marks. No such written request was ever made by appellants.
We conclude that the legislature meant what the statute says: No written request — no coverage.
AFFIRMED.
LETTS and DELL, JJ., concur.