ANTOON, Judge.
The personal representative of the Estate of Larry Long (Long) appeals the trial court’s order entering summary final judgment in favor of Prudential Property and Casualty Insurance (Prudéntial). The order determined that Prudential’s automobile insurance contract with Long did riot include uninsured motorist coverage. We affirm- because the uneontroverted facts demonstrate that Long knowingly rejected uninsured motorist coverage.
In August 1993, Long purchased an automobile liability insurance policy from Prudential. On the application for insurance, Long specifically rejected uninsured motorist coverage by signing a waiver which complied with section 627.727, Florida Statutes (1991). On another part of the application, Long indicated that uninsured motorist coverage would not be stacked. Prudential issued the policy to Long and later renewed the policy without uninsured motorist coverage. Long never requested Prudential to provide him with uninsured motorist coverage.
On March 17, 1995, Long was fatally injured when the automobile he was driving, and which was insured under the Prudential policy, collided with a motorcycle driven by an uninsured, motorist. Dianna Long sued Prudential alleging that uninsured motorist coverage was available to her under her husband’s policy. The trial court entered summary judgment against her on this claim.
Section 627.727, Florida Statutes (1991), requires that all motor vehicle liability insurance policies which provide bodily injury liability coverage include uninsured motorist coverage. However, an insured may reject such coverage in writing, and the insured’s written rejection constitutes a prima facia showing that uninsured motorist, coverage does not apply. See Jackson v. State, Farm Fire and Cas. Co., 469 So.2d 191, 193 (Fla. 2d DCA 1985). Absent exigent circumstances such as forgery, fraud, or trickery, the insured is deemed to be bound by his signature on an informed rejection form. Nationwide Mutual Fire Ins. Co. v. Kauffman, 495 So.2d 1184, 1187 (Fla. 4th DCA 1986), rev. dismissed, 511 So.2d 999 (Fla.1987).
Dianna Long argues that the presumption that her husband rejected uninsured motorist coverage is not conclusive because he also executed the nonstacking portion of the application. In this regard, pursuant to section 627.727(9), Florida Statutes (1991), an insured who accepts uninsured motorist coverage can choose not to stack such coverage in exchange for a reduction in the premium charged for the uninsured motorist coverage. Dianna Long contends that we should presume that her husband requested uninsured motorist coverage because he agreed that uninsured motorist coverage would not be stacked. Alternatively, Dianna Long argues that her husband’s signature on the anti- *392 stacking provision of the application creates ambiguity with regard to whether he knowingly rejected uninsured motorist coverage. We disagree.
The part of the application for insurance which addresses nonstacking of uninsured motorist coverage does not include a request for uninsured motorist coverage. Moreover, section 627.727(9) of the Florida Statutes does not indicate that an insured’s decision not to stack uninsured motorist coverage constitutes a request for such coverage. Rather, it is simply a request that if uninsured motorist coverage is requested, the coverage will not be stacked. Therefore, no ambiguity was created when Long rejected uninsured motorist coverage in the same policy in which he chose not to stack uninsured motorist coverage. Indeed, Long’s specific written and signed rejection, of uninsured motorist coverage created a conclusive presumption that he did not possess uninsured motorist coverage.
Accordingly, since Dianna Long did not allege that her husband’s rejection of uninsured motorist coverage was obtained by forgery, fraud, or trickery or that his waiver was uninformed, the trial court correctly entered summary final judgment in favor of Prudential.
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.