[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 14, 2011
JOHN LEY
CLERK

No. 11-12723
Non-Argument Calendar
_____

D. C. Docket No. 2:10-cv-14235-KMM

DANA LEWIS,

Plaintiff-Appellant,

versus

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 14, 2011)

Before DUBINA, Chief Judge, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Dana Lewis appeals the district court's grant of summary judgment in favor of Liberty Mutual Fire Insurance Company in a declaratory judgment action brought by Lewis. Lewis was injured in an automobile accident. The controversy in this case surrounds the finding by the district court that Lewis's employer, United Subcontractors Inc. ("USI"), explicitly rejected Uninsured Motorist coverage in an amount equal to its bodily injury limits, and opted for a lesser amount of $20,000 per accident. More specifically, the district court found that Lewis offered no evidence showing that USI had the intent to purchase Uninsured Motorist insurance in the amount of its bodily injury limits or that it had the intent to purchase Uninsured Motorist limits in any amount other than the minimum limits required by any state in which it did business.

This court reviews the district court's grant of a motion for summary judgment *de novo* and all issues of material fact are resolved in favor of the non-moving party. *Cuvillier v. Rockdale County*, 390 F.3d 1336 (11th Cir. 2004).

The record in this case demonstrates that USI, Liberty Mutual's named insured, rejected full Uninsured Motorist coverage in the amount of its bodily injury limits of liability and instead elected Uninsured Motorist coverage in a lesser amount. More specifically, this decision was memorialized in writing when USI signed a Department of Insurance Approved Rejections/Selection Form

2

clearly indicating that it rejected Uninsured Motorist limits under its policy in the amount of bodily injury limits and instead selected lower limits. *See Fla. Stat. §* 627.727; *Jackson v. State Farm Fire and Cas. Co.*, 469 So. 2d 191, 193 (Fla. 2d DCA 1985). Later, Amendatory Endorsement 72 was added to the policy to endorse the Uninsured Motorist coverages afforded by the policy. As set forth in Amendatory Endorsement 72, the coverage for Florida Uninsured Motorist claims was confirmed as $20,000.00 per accident. Lewis did not challenge the execution or the authenticity of any of these documents in the district court and submitted no evidence that controverts USI's rejection of full Uninsured Motorist coverage. The bottom line is that there is no evidence in this record that USI ever intended that the limits for Uninsured Motorist coverage in Florida be $2,000,000 or that it intended at any time that the limits in Florida be anything other than the minimum amount required by statute. Accordingly, for the foregoing reasons, we affirm the district court's grant of summary judgment in favor of Liberty Mutual.

AFFIRMED.