THOMAS, Justice.
The appellees were successful in their suit to enjoin the appellant, sheriff of Orange County, from executing a warrant issued by the State Comptroller pursuant to Chapter 212, Florida Statutes 1951, and F.S.A., for the collection of certain delinquent taxes. The personal property upon which taxes were claimed to be due was, according to the allegations of the bill, being used exclusively for the plowing of land and for the planting, cultivating and harvesting of crops and was, so the appel-lees claimed, exempt from any sales tax by Sec. 212.08(6), Florida Statutes 1951, and F.S.A.
Gist of the sheriff’s answer was the assertion that - although the property upon which levy was sought was used for the . purposes stated in the bill, the crops were .'not those óf the appellees but of others for whom the appellees contracted to plow, plant, cultivate and harvest. Made a part of the answer was a rule promulgated by the Comptroller providing that machinery used in plowing, cultivating, planting and harvesting would be exempt only “when purchased by a farmer or grove owner for use exclusively on his own farm land or grove.”
The question presented against this background is whether or not equipment purchased for use in plowing, planting and cultivating the lands of others and harvesting their crops under contracts with the owners is freed from taxation by virtue of the provision of Sec. 212.08(6), supra, that “[t]here shall be exempt from the provisions of this chapter [Chapter 212, supra, placing a tax on sales] * • * * machines and equipment used in plowing, planting, cultivating and harvesting crops * *
The Comptroller is charged with administration and enforcement of the law and to that end was given’ authority in Chapter 212, supra, to make such, rules and regulations as he considered necessary.
We have often recognized the force of constructions by administrative officers, of laws they are obligated to administer, but we do not find occasion now to resort to the rule because the words used in the statute are so plain they need no implementation by rule of the Comptroller. It is evidently the position of the appellant that Sections 212.08(2) and 212.08(6) must be construed together for he asserts that the trial judge apparently entertained the view that the word “farming” ‘in the former section was not synonymous with the words “plowing, planting, cultivating and harvesting crops” in the latter section. We agree with appellees that such synonymity does not exist, one statute exempting a tax in excess of a certain amount on the “sale, use, storage or other consumption in this State of machines and equipment * * * used in farming, mining” etc., the other exempting from all sales tax “machines and equipment used in plowing” etc. Why the *521 legislature made the distinction and placed the provisions in separate paragraphs, although there is a similarity because of the use of the word “farming”, we do not know, nor need we speculate further than to suggest that the first section relates to agriculture, the second to agriculture and horticulture.
But we do not understand how the sections are made clearer or drawn more closely together by the language of the rule that the exemption is available if the property is used by the owner on his own land but not if he uses it upon the land of another. This seems a fair and sensible condition but it is one that should be en-grafted on the law by the legislature. Regardless of its merit we feel impelled to the view that it was not within the power of the Comptroller to inject the provision into an act which does not need it for clarification or successful administration.
We reach a conclusion that coincides with that of the circuit judge.
Affirmed.
TERRELL, C. J., and ROBERTS and O’CONNELL, JJ., concur.