325 So.2d 31 (1976)
John BOWEN d/b/a Arlington Airko Air Conditioning, Heating & Electric Company, Appellant,
v.
AMERICAN ARLINGTON BANK, a Florida Corporation, Appellee.
No. W-72.
District Court of Appeal of Florida, First District.
January 16, 1976.
*32 Ernest D. Jackson, Sr., of Jackson & Micks, Jacksonville, for appellant.
Richard C. Stoddard of Bryant, Dickens, Rumph, Franson & Miller, Jacksonville, for appellee.
McCORD, Acting Chief Judge.
This is an appeal from a summary final judgment in favor of appellee American Arlington Bank on its mortgage foreclosure against appellant and others.
Appellant was named as a defendant in appellee's foreclosure complaint, he being an alleged mechanic's lien holder. The complaint alleges, and it is undisputed, that on January 7, 1972, the owner of the property involved in this suit executed a note to appellee secured by mortgage on the property in the amount of $125,000; that the mortgage was recorded on January 11, 1972. Subsequently, on July 18, 1972, appellee and the owner entered into a modification agreement which increased the amount of the indebtedness under the note and mortgage to $175,000. With his answer, appellant filed a counterclaim in which he claimed a lien on the property in the amount of $7,800 for the alleged balance due on a contract for installation of electrical and air conditioning systems in the building constructed thereon, the lien having been recorded in the public records of Duval County on June 6, 1972. While appellant's answer admits the paragraph of appellee's complaint which alleges that its mortgage lien is superior to appellant's claim, the counterclaim affirmatively alleges that appellant's lien is superior to appellee's mortgage lien. It is therefore apparent on the face of the pleadings that appellant's "admission" contained in his answer was an error. In the interest of justice, he should not be held to such "admission."
The record shows that appellant filed an action to enforce his alleged lien within one year from the recording thereof and that such suit was consolidated with the present action by order of the court entered on March 13, 1974. It does not appear that there has yet been an adjudication of the validity of appellant's lien in that suit. Appellee contends in its brief that appellant's lien shows on its face that it was not filed within 90 days after the final furnishing of the labor or services or materials by the lienor as the statute (§ 713.08(5), F.S.) requires and that it is therefore void. Appellant's claim of lien does not appear in the record filed with this court and there is nothing in the record to show that appellee's contention was brought to the attention of the court below. Appellee has filed a certified copy of the claim of lien as an appendix in its brief to support its argument made here. While the claim of lien is not properly a part of the record before us, we will comment that appellee's argument is based upon an apparent error in the claim of lien which was filed on June 6, 1972. The certified copy of the *33 claim of lien shows the first labor, services or materials to have been furnished on December 15, 1971, and the last to have been furnished on May 20, 1971  an obvious error in dates. If the latter date was 1972, the claim of lien was filed within 90 days thereafter.
If appellant's claim of lien is valid, it is inferior to appellee's $125,000 note secured by mortgage but is superior to the $50,000 increase in the indebtedness which was provided for in the modification agreement recorded subsequent to the recording of appellant's lien. There are material issues of fact as to the validity of appellant's claim of lien which do not appear to have been adjudicated by the trial court on appellee's motion for summary judgment.
Reversed and remanded for appropriate proceedings consistent herewith.
SMITH and MILLS, JJ., concur.