402 So.2d 1352 (1981)
EMPIRE FIRE AND MARINE INSURANCE COMPANY, Appellant,
v.
Martin KOVEN and Ruth Koven, Appellees.
No. 80-10.
District Court of Appeal of Florida, Fourth District.
September 2, 1981.
Mel Lamelas of Lanza, Sevier & Womack, P.A., Coral Gables, for appellant.
Joe N. Unger of Law Offices of Joe N. Unger, P.A., Miami, and Wolfson & Diamond, P.A., Miami Beach, for appellees.
MOORE, Judge.
Empire Fire and Marine Insurance Company, excess automobile insurers for the *1353 Kovens, appeals from a summary judgment determining that Empire provided uninsured motorist coverage limits of $100,000/$300,000. We reverse.
Section 627.727, Florida Statutes (1973), effective at the time of the application for the policy in this case, required insurance companies to provide uninsured motorist coverage limits equal to the liability limits unless the insured rejected such coverage. Mr. Koven was the named insured. On the application for insurance, a broker[1] signed Mr. Koven's name on the rejection of uninsured motorist coverage. The broker forwarded the application to Empire's managing agent who prepared the policy. The managing agent then sent the policy to Empire, which issued it. The broker had dealt with Mrs. Koven. The testimony at depositions, however, differed as to whether the Kovens had rejected the uninsured motorist coverage. The broker's testimony indicated that Mrs. Koven had told her to sign their name and to reject the uninsured motorist coverage. Mrs. Koven denied giving such authorization. Mr. Koven said that he informed the broker's insurance agency that he wanted full coverage and never rejected the uninsured motorist coverage.
Regardless of this conflicting testimony, the fact remains that the insurance application contained a rejection of uninsured motorist coverage by the named insured. Even if the broker improperly placed Mr. Koven's signature on the application, the insured rather than the insurer bears the risk of such an error according to the general rule that an insurance broker is the agent of the insured rather than of the insurer. Auto Owners Insurance Company v. Yates, 368 So.2d 634 (Fla. 2nd DCA 1979). In Yates, as here, a broker signed the insured's name on an insurance application. In Yates, the broker requested uninsured motorist coverage in an amount less than the liability coverage. The appellate court noted that the broker had no authority to act for the insurer, that the broker did not hold himself out as having such authority, and that the insurer had no knowledge that the insured did not sign the application. Consequently, the Second District Court of Appeal concluded that the insurer was not to blame if the broker erroneously requested the wrong uninsured motorist limits. The insurer simply issued the policy based upon the application. Accordingly, in Yates, the Court held that because the broker was the agent of the insured, the insured was bound by the agent's actions.
Following the reasoning of Yates, we reverse the summary judgment and find that the Kovens are bound by the rejection of uninsured motorist coverage in their application to Empire. We remand this case for further proceedings consistent with this opinion.
ANSTEAD and BERANEK, JJ., concur.
NOTES
[1] In discussing the status of an insurance broker, 16 Appleman, Insurance Law and Practice § 8726 (1968) states:

A broker is ordinarily defined as being one who acts as a middleman between the insured and insurer and who solicits insurance from the public under no employment from any special company, but having secured an order either places the insurance with a company selected by the insured, or, in the absence of such selection, with a company selected by the broker. He enjoys no fixed or permanent relationship to an insurer but rather holds himself out for employment by the general public. And a broker is ordinarily employed by a person seeking insurance, and when so employed, is to be distinguished from the ordinary insurance agent who is employed by an insurance company to solicit and write insurance in the company.