410 So.2d 558 (1982)
GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD., Appellant,
v.
Anne Betts MacKENZIE, Eugene Betts and Elda T. Betts, Appellees.
No. 80-1212.
District Court of Appeal of Florida, Fourth District.
February 10, 1982.
Rehearing Denied March 16, 1982.
*559 John Edward Herndon, Jr., of Thornton & Herndon, Miami, for appellant.
John P. Wiederhold of Pomeroy, Betts, Wiederhold & Moses, West Palm Beach, for appellees.
DOWNEY, Judge.
Appellant, General Accident Fire & Life Assurance Corporation, Ltd., seeks reversal of a final judgment finding that appellee MacKenzie was entitled to stack the uninsured motorist coverage (UM) contained in her father's automobile insurance policy covering two automobiles owned by him.
The main question presented is whether the UM coverage available is $100,000 or $200,000. The trial court found the latter coverage was available because the father's bodily injury limits were $100,000/300,000 on each of his two automobiles. The court made the foregoing finding even though the UM coverage set forth in the policy was $50,000/100,000 on the date of the accident, basing its ruling that MacKenzie was entitled to UM coverage equal to the bodily injury coverage on the ground that the insurer did not prove the father had rejected UM coverage equal to the bodily injury coverage when the policy in effect at the time of the accident was issued. We think the trial judge ruled correctly on this issue.
In Hartford Acc. & Indem. Co. v. Sheffield, 375 So.2d 598 (Fla. 3d DCA 1979), the court held that when a policy, which is not a "renewal"[1] policy, is issued, an insured must be informed that he is entitled to (a) have UM coverage equal to the amount of bodily injury coverage, (b) reject any UM coverage, or (c) choose lesser limits of UM coverage; further the insurer could not rely upon the renewal exception contained in Section 627.727(1), Florida Statutes, to obviate the necessity of obtaining a response from the insured as to which of the foregoing options he selected. Shortly before the policy in effect at the time of the accident was issued the insured requested an increase in his UM coverage from $25,000/50,000 to $50,000/100,000. This changed the coverage and premium and thus, under the Sheffield case, issuance of this policy was not a renewal and the insurer was required to advise the insured of his right to UM coverage equal to the bodily injury coverage. The burden of proof was on the insurer to prove the insured rejected the maximum limits of UM coverage available to him or that he knowingly chose lesser limits of UM coverage after being informed of his options. Since the insurer failed to prove such informed choice the trial court was correct in finding full coverage available to MacKenzie.
We have fully considered appellant's other points on appeal and found them to be without merit.
AFFIRMED.
GLICKSTEIN, J., and PEARSON, DANIEL S., Associate Judge, concur.
NOTES
[1] This court has adopted the Sheffield test for determining whether an insurance policy is a new policy or a renewal policy. United States Fidelity & Guaranty Co. v. Waln, 395 So.2d 1211, 1214 (Fla. 4th DCA 1981).