420 So.2d 1086 (1982)
Dorman K. KIMBRELL, Petitioner,
v.
GREAT AMERICAN INSURANCE Company, Respondent.
No. 61082.
Supreme Court of Florida.
September 9, 1982.
Rehearing Denied November 18, 1982.
Schuler & Wilkerson, P.A., and Edna L. Caruso, West Palm Beach, for petitioner.
Joe N. Unger of the Law Offices of Joe N. Unger, Miami, and Pomeroy, Betts, Wiederhold & Moses, West Palm Beach, Florida, for respondent.
BOYD, Justice.
This cause is before the Court on petition for review of a district court of appeal decision, Kimbrell v. Great American Insurance Co., No. 80-1322 (Fla. 4th DCA July 29, 1981). The district court certified that its decision conflicts with a decision of another district court of appeal, Decker v. Great American Insurance Co., 392 So.2d 965 (Fla. 2d DCA 1980), cert. *1087 denied, 399 So.2d 1143 (Fla. 1981). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioner Dorman K. Kimbrell was an employee of R & X Installation Company of Florida. While driving his employer's truck in the course of his employment, he was injured in an accident caused by the negligence of an uninsured motorist. Petitioner brought an action for declaratory judgment seeking a determination of the amount of uninsured motorist coverage available to him under his employer's automobile insurance policy. Petitioner invoked the provisions of section 627.727(1), Florida Statutes (1975), which requires insurers to provide uninsured motorist coverage to policy holders in an amount equal to their bodily injury liability coverage, unless the uninsured motorist coverage is rejected by the named insured. Petitioner sought a declaration that the amount of uninsured motorist coverage inuring to his benefit was $250,000, and not $10,000 as noted on the policy declaration. He grounded his claim for relief on the allegation that higher coverage limit was not rejected as required by the statute.
The evidence showed that R & X Installation Company of Florida, Inc., the employer, was affiliated with R & X Installation Company, Inc., a Georgia-based business. Soon after its formation, the Florida corporation was added as a named insured to an existing policy.
At trial the depositions of W.E. Stephenson, president of R & X Installation, and Penn G. Holman, an insurance agent, were admitted into evidence. Their testimony established that Stephenson and Holman met in 1973 and arranged for the purchase of insurance for R & X Installation Company, which was doing business solely in Georgia. Stephenson said that Holman offered him uninsured motorist coverage in the same amount as his liability coverage but that he selected the minimum coverage required by law. Holman's statement corroborated this selection but conceded that there was nothing in writing to show the offer and the selection.
In 1974 Stephenson and his business associates formed the new corporation to operate in Florida. In a telephone conversation with Holman, Stephenson secured coverage for the new entity in the same amounts as provided for in the existing policy. R & X Installation Company of Florida, Inc., was added as a named insured and the uninsured motorist coverage was noted on the policy as being $10,000 per person and $20,000 per incident.
Petitioner moved for summary judgment on the ground that the insurer had not complied with the requirement of section 627.727(1) that the insurer offer uninsured motorist coverage in the same amount as the bodily injury liability coverage provided. Respondent moved for summary judgment on the ground that the policy showed that the insured had selected lower limits of uninsured motorist coverage. The trial judge denied both motions and let the case go to a jury for trial.
Section 627.727(1), Florida Statutes (1975), provides in relevant part:
(1) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in not less than the limits of the liability insurance purchased by the named insured for bodily injury, [or such lower limits complying with the company's rating plan as may be selected by the named insured,] under provisions filed with and approved by the department, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable when, or to the extent that, any insured named in the policy shall reject the coverage... .
In response to special factual interrogatories framed by the trial court judge, the *1088 jury found that the respondent, through an agent, offered R & X Installation Company of Florida and the other named insureds uninsured motorist coverage in an amount equal to the bodily injury liability coverage provided under the policy, and that the named insureds made an informed decision to reject the coverage offered. Based on the jury verdicts, the court entered judgment for respondent, holding that there was $10,000 in available uninsured motorist coverage. The district court affirmed on the authority of Del Prado v. Liberty Mutual Insurance Co., 400 So.2d 115 (Fla. 4th DCA 1981).
Petitioner seeks review of the district court's decision on two grounds. He argues that the statute together with administrative regulations require the selection of uninsured motorist coverage in an amount less than bodily injury liability coverage to be in writing. He also contends that the jury's findings of an offer and a specific rejection were against the manifest weight of the evidence.
In support of his first point, petitioner points out that section 627.727(1) requires that uninsured motorist coverage be provided in the same amount as bodily injury liability coverage unless lower limits of uninsured motorist coverage are selected by the insured. Because the statute embodies a public policy for the protection of insureds, petitioner argues, it should be broadly and liberally construed. As sources of authority for construing the statute petitioner relies on Florida Administrative Code, Rule 4-28.02 and Department of Insurance Bulletin No. 586. These administrative regulations were promulgated pursuant to section 627.727(1) and require that the selection of lower uninsured motorist coverage be in writing and that evidence of the writing be maintained in the insurer's files. Some courts have held that the failure of an insurer to comply with these administrative regulations renders the selection of lower limits invalid so that uninsured motorist coverage will be deemed to be in an amount equal to bodily injury liability coverage. See Harris v. United States Fidelity & Guaranty Co., 569 F.2d 850 (5th Cir.1978); Decker v. Great American Insurance Co., 392 So.2d 965 (Fla. 2d DCA 1980), cert. denied, 399 So.2d 1143 (Fla. 1981); General Insurance Co. of Florida v. Sutton, 396 So.2d 855 (Fla. 3d DCA 1981).
It is true that a regulatory agency's construction of a statute the agency is assigned to enforce is entitled to considerable weight. See, e.g., Louisville & Nashville Railroad Co. v. Speed-Parker, Inc., 103 Fla. 439, 137 So. 724 (1931). However, when the language of a statute is plain and its meaning clear, resort to this or any other rule of statutory construction is unnecessary. See Starr v. Karst, Inc., 92 So.2d 519 (Fla. 1957). The statute under consideration is "clear and unambiguous in requiring that uninsured motorist coverage be contained in a policy, unless it is rejected by the insured. However, the statute does not require written rejection nor does it mandate rejection in a specific form." Glover v. Aetna Insurance Co., 363 So.2d 12, 13 (Fla. 1st DCA 1978). What the statute does require is that a rejection of uninsured motorist coverage or a selection of lower limits of coverage must be knowingly made. Wilson v. National Indemnity Co., 302 So.2d 141 (Fla. 1st DCA 1974).
The question of whether an insured has knowingly rejected uninsured motorist coverage or knowingly selected coverage in a lesser amount than that which the insurer is required to make available is an issue to be decided by the trier of fact. Lumbermen's Mutual Casualty Co. v. Beaver, 355 So.2d 441 (Fla. 4th DCA 1978); contra, American Motorists Insurance Co. v. Weingarten, 355 So.2d 821 (Fla. 1st DCA 1978). In deciding this factual issue, the trier of fact may consider whether the insurer offered the insured the full amount of uninsured motorist coverage. The making of an express offer, however, is not dispositive of the question of whether there was a knowing selection of coverage limits. It is conceivable that the insured might know of the availability of coverage without being expressly informed of such by the insurer. *1089 Similarly, the fact that the insurer maintains in its files evidence of an offer and a selection is relevant but not crucial to a finding that a knowing selection was made. Liberty Mutual Insurance Co. v. Wright, 406 So.2d 1261 (Fla. 4th DCA 1981). We therefore conclude that the trial judge was correct in submitting the question to the jury even though there was no evidence of a written selection of coverage limits.
With regard to the evidentiary issue, we find there was competent, substantial evidence to support the jury's conclusion that there was an offer and an informed selection of the lower uninsured motorist coverage limits. Both Holman, the insurance agent, and Stephenson, president of R & X Installation, stated in their depositions that Stephenson was only interested in purchasing the minimum uninsured motorist coverage available. Stephenson stated that he was offered coverage in the amount of $250,000 at a higher premium. He did not want to incur the cost of the higher coverage so he rejected it. It was clear from the evidence that Stephenson knew what he was doing when he selected the lower uninsured motorist coverage.
For the foregoing reasons we find petitioner's contentions to be without merit. The decision of the district court is approved.
It is so ordered.
ALDERMAN, C.J., and OVERTON, SUNDBERG, McDONALD and EHRLICH, JJ., concur.
ADKINS, J., dissents.