RYDER, Judge.
Madeline P. Scatigno appeals from the final judgment adverse to her claim for uninsured motorist benefits.
Appellant sought a declaratory judgment that she had uninsured motorist coverage for an automobile accident equal to the liability limits of $50,000/$100,000 in her automobile insurance policy issued by appel-lee. Appellant alleged that appellee failed to inform her that she was entitled to such limits and that she did not knowingly waive higher limits.
At a jury trial held on the waiver issue, appellant testified that she did not recall the conversations at the State Farm office when she purchased insurance. Appellant signed the application, but did not recall reading it. The application signed by appellant contained three boxes in the lower left corner for options on uninsured motorist coverage: (1) same as bodily injury, (2) lower than bodily injury, and (3) higher than bodily injury. The first block had been checked and scratched out, and the second checked with the figure 10/20 written next to it.
Dorothy Round, an agency employee who took the application, also had no recollection of the conversation. She testified to her custom to explain each coverage starting at the top of the application. Round testified that because of the two check marks, she must have inadvertently put a cheek mark in the box indicating uninsured motorist limits to match bodily injury limits, and later corrected it when she realized that was not what appellant wanted.
Powers, the agent, testified that the original application was forwarded to the regional office of State Farm for processing. The regional office would send it back if there were any errors. In Powers’ experience, if there were scratched out blocks on the application, the regional office would not return the application or require that the changes be initialed.
Appellant proffered the testimony of T. Edd Webb, another State Farm agent. The proffer indicated that Webb would testify that in his experience, an application sent to the State Farm regional office with boxes checked and scratched through would be returned for a clear indication of what was going on. Webb would further have testified that an uninsured motorist application is not properly used to offer coverages. The court did not admit the testimony, noting that the statute prescribes no procedure for offering or rejecting coverage.
The jury returned an interrogatory verdict finding State Farm to have offered uninsured limits equal to the bodily injury limits and finding appellant to have knowingly rejected the higher limits. On appeal, appellant suggests that the evidence below was legally insufficient to show her informed rejection of higher limits and that the court erred in refusing to admit the testimony of Webb. We hold that there was competent substantial evidence to support the jury’s verdict. Appellee need not obtain a specific written waiver of coverage.[1] Kimbrell v. Great American Insurance Co., 420 So.2d 1086 (Fla.1982).
However, we are unable to dispose of appellant’s second point on appeal regarding the proffered testimony of Webb. We agree with the lower court that Webb’s testimony regarding office practices in taking an application was not relevant to a waiver in the case below. But the ambiguous cheeks on the application relate to the ultimate question as an expression of appellant’s alleged waiver. Powers testified that *219 it was normal for the regional office to accept applications with scratched out boxes without question. This supports the conclusion suggested by Round’s testimony that the change was made at appellant’s direction prior to submitting the application. But Webb would have conflicted with Powers’ testimony by stating the opposite — that the regional office would have returned the application had it been submitted in that form. The proffered testimony thus implied that the change to lower limits was made after the application was submitted and thus was not a knowing waiver by appellant of the higher uninsured motorist limits. Relevant testimony on such a fact in issue was admissible and might have changed the result provided by the jury. See § 90.402, Fla.Stat. (1981).
The final judgment below is REVERSED and the case REMANDED for a new trial.
HOBSON, A.C.J., and DANAHY, J., concur.

. We note, however, that the applicable statute has been amended to require a written waiver of coverage. See § 627.727(1), Fla.Stat. (Supp. 1982). This change is effective October 1, 1982, and therefore does not apply to the case sub judice. Ch. 82-243, §§ 544, 813, Laws of Fla.