BOARDMAN, Judge.
New Hampshire Insurance Company appeals the trial court’s ruling by summary judgment that the insured, appellee Law *275 rence Conner, did not knowingly select the minimum uninsured motorist (UM) coverage authorized by law.[1] We reverse.
The insured signed an insurance renewal questionnaire and supplemental application selecting UM coverage of $10,000 per person and $20,000 per accident. While Conner acknowledged having signed these documents, he denied that he understood the significance of his selection or that anyone at his insurance agency explained UM insurance or coverage options to him prior to his selection.[2]
In opposition to Conner’s testimony, the record reflects that insurance agent Katie Anderson notified Conner by mail that his renewal questionnaire was awaiting completion and requested that he “stop by the office ... so that we may go over the information with you.” While veteran agent James Jordan signed Conner’s renewal questionnaire, Jordan testified that he had no personal recollection of reviewing this form with Conner. He believed that Anderson handled the renewal, “following] through” with her promise to explain UM coverage to Conner, as was the agency’s “normal procedure.”
In an affidavit submitted with appellant’s motion for rehearing, Anderson stated that she recalled reviewing the renewal questionnaire with Conner and was certain that she would have complied with the agency’s customary business practice of discussing UM insurance coverage with the insured during this session.
As our supreme court recognized in Kimbrell v. Great American Insurance Co., 420 So.2d 1086, 1088 (Fla.1982), “[t]he question of whether an insured has knowingly rejected uninsured motorist coverage or knowingly selected coverage in a lesser amount than that which the insurer is required to make available is an issue to be decided by the trier of fact.”
We believe that the conflicting facts of the instant case give rise to a genuine issue of material fact, precluding the entry of summary judgment. Accordingly, we reverse the summary judgment on the issue of UM coverage and remand for resolution of this question by the trier of fact. Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Our disposition of this issue makes it unnecessary to reach appellant’s second and third points on appeal. Having resolved this appeal adversely to the insured, appel-lees’ motion for attorney’s fees is denied.
REVERSED and REMANDED for further proceedings.
HOBSON, A.C.J., and SCHEB, J., concur.

. Section 627.727(1), Florida Statutes.

. We note that the renewal questionnaire and supplemental application list available coverage options but do not explain the purpose or applicability of such coverage.