PER CURIAM.
Granite State Insurance Company, the excess liability insurance carrier in the instant cause, appeals from the entry of final summary judgment in favor of appellee on the issue of uninsured motorist coverage under the “umbrella” or excess liability insurance policy. For reasons more fully developed below, we reverse the ruling of the trial court and remand for further proceedings.
Calvin Lane, Jr. was struck and killed by a hit and run driver on January 5, 1980, while he was driving a truck in the course and scope of his employment with Waste Management, Inc. Appellee, as personal representative of the estate, filed the instant action seeking (1) a declaration that appellant provided excess uninsured motorist coverage under the excess liability policy issued to Waste Management, and (2) compensatory damages for the wrongful death of Mr. Lane, Jr.[1] The resulting judgment for compensatory damages is not an issue on appeal.
The question of whether there was excess uninsured motorist coverage under the policy issued by Granite State was submitted to the trial court on cross-motions for summary judgment. Both parties acknowledged that the facts were essentially undisputed; that is, that Waste Management decided that it would not obtain uninsured motorist coverage unless such coverage was required by statute in the states where Waste Management operated, and then only for the minimum limits. It is also undisputed that there was little or no discussion at all between Granite State and Waste Management on the question of excess uninsured motorist coverage because both parties knew Waste Management’s position on the subject. Therefore, there was no written or oral offer of full coverage by Granite State and no written rejection thereof by Waste Management.[2] The trial *1176 court entered final summay judgment in favor of the appellee on this issue, presumably on the basis of the estate’s argument that this court had issued several opinions determining that section 627.727, Florida Statutes, required that rejection of uninsured motorist coverage or selection of lower limits of coverage be made knowingly and in writing. Cf. Cohen v. American Home Assurance Co., 367 So.2d 677, 681 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (Fla.1979). Thus, the failure to offer full coverage initially or to reject the excess uninsured motorist coverage in writing rendered the rejection invalid so that the coverage was deemed to exist. General Insurance Co. of Florida v. Sutton, 396 So.2d 855 (Fla. 3d DCA 1981).
Subsequent to the trial court’s ruling on the motion for summary judgment, the supreme court decided Kimbrell v. Great American Insurance Co., 420 So.2d 1086 (Fla.1982), directly confronting the issue of whether section 627.727, Florida Statutes, requires rejection (or selection of lower limits of coverage) be made in writing. The court stated:
the statute does not require written rejection nor does it mandate rejection in a specific form. What the statute does require is that a rejection of uninsured motorist coverage or a selection of lower limits of coverage must be knowingly made. The question of whether an insured has knowingly rejected uninsured motorist coverage or knowingly selected coverage in a lesser amount than that which the insurer is required to make available is an issue to be decided by the trier of fact.
Id. at 1088 (citations omitted). Thus, the question of the lack of a written rejection is now resolved. The question of whether the insured made a knowing rejection of the coverage or a knowing selection of lower limits of coverage, however, is now a genuine issue of material fact for which summary judgment is improper, both as a well-established rule of law and under the facts of this case. Lane v. Waste Management, Inc., supra, 432 So.2d 70. Therefore, we reverse the entry of summary judgment on the issue of uninsured motorist coverage and remand for a determination of whether Waste Management’s rejection was knowledgeable.
With regard to the issue of attorneys’ fees, the amount awarded by the trial court is conditionally approved, pending appel-lee’s successful obtaining of uninsured motorist coverage on remand.
Reversed and remanded for further proceedings.

. Another action for declaratory relief was filed in Broward County by Waste Management and American Motorist Insurance Co., the primary carrier, seeking a determination of whether the American Motorist policy afforded uninsured motorist coverage for Lane’s estate. That decision, Lane v. Waste Management, Inc., is reported at 432 So.2d 70 (Fla. 4th DCA 1983).

. See Lane v. Waste Management, supra, 432 So.2d at 72, where the same fact pattern (al *1176 though between Waste Management and American Motorist) is set out in greater detail.