ON MOTION FOR REHEARING GRANTED
NESBITT, Judge.
The sole issue for our resolution is whether summary judgment was improperly entered in favor of the insured finding that the insurer had breached its duty under section 627.739, Florida Statutes (1981) by issuing a personal injury protection policy which contained a deductible without first determining whether the insured had collateral coverage. We reverse.
Sosa applied to the Caribe Insurance Agency for insurance coverage on his automobile. The information pertaining to his insurance was taken by Lopez. In his deposition testimony, Sosa could not recall whether Lopez had asked him if he had other insurance or whether he had discussed PIP coverage and the deductible with Lopez, although he conceded that Lopez must have explained to him and showed him a form regarding deductibles since Sosa’s signature was on the form.[1] *1182 Ultimately, Sosa was issued a policy by Bankers Insurance Company which contained an $8,000 deductible. An affidavit in support of Sosa’s motion for summary judgment indicated that at the time he. purchased insurance he neither had collateral insurance nor had anyone made inquiry of him concerning its existence.
The deposition testimony of Carlos Lopez was that he had asked Sosa whether he had other insurance and that Sosa replied that he was already covered, at which point Sosa signed the form regarding other insurance. During the coverage period, Sosa was involved in an accident. Bankers refused to pay for any damages below the $8,000 deductible amount which prompted the instant lawsuit. On the facts recited above, the insured moved for summary judgment arguing, under Kwechin v. Industrial Fire & Casualty Co., 409 So.2d 28 (Fla. 3d DCA 1981), aff'd, 447 So.2d 1337 (Fla.1983), that the deductible amount did not apply. The trial court found that Bankers made no inquiry and had no knowledge of whether the insured had other coverage which would have provided insurance in place of the $8,000 deductible in question.
The relevant statute, section 627.739, places the duty on the insurer to inquire whether the prospective insured has other coverage and only to offer personal injury protection deductibles to applicants with other coverage. In Kwechin, this court held that an insurer who failed to satisfy the requirements of this statute would be liable to the insured as if the policy contained no deductible.
We find that there is a material issue of fact as to whether the statute has been complied with in the present case. Sosa’s deposition testimony that he must have been informed of the necessity of other insurance since he signed the form is an admission which precludes summary judgment notwithstanding his affidavit in support of the summary judgment which stated that he was not informed. Additionally, Lopez’ testimony that Sosa told him he had other coverage available, if true, would have allowed Lopez to issue a policy with a deductible.
Reversed and remanded.

. The application form in part provided:
A WORD OF CAUTION: Most PIP is carried *1182 without a deductible of any amount, and deductibles are not recommended to those who do not have other coverages which will respond adequately for the payment of injuries in automobile accidents.