LEHAN, Judge.
A condominium developer has appealed a judgment for the buyer of a condominium unit in a lawsuit by the buyer for the refund of his deposit money. We reverse.
On July 22, 1981, Walter Sauermann signed two contracts to purchase two condominium units in a project being developed by Rustbrook-S.C.B. (U.S.), Inc. Sauermann made a $56,400 down payment on the two units.
Two days after the contracts were signed, Rustbrook submitted to the Department of Business Regulation, Division of Florida Land Sales and Condominiums, a prospectus and all other documents required to be filed by section 718.504, Florida Statutes (1981). On October 23, 1981, the Division notified Rustbrook that the examination of the condominium documents was complete and that no deficiencies had been found.
Sauermann acknowledged under oath in court that in March 1982 he had received copies of the condominium documents. He had not signed a receipt for the documents.
Prior to the date set by the contracts for the closing on the condominium purchase, Sauermann’s attorney notified Rustbrook that Sauermann was cancelling the purchase contracts. No closing on the contracts ever occurred.
Sauermann sued Rustbrook for the return of his deposit money which was being held in escrow. The trial court ruled that the contracts were avoidable by Sauermann because (a) Rustbrook was unable to produce a signed receipt evidencing delivery to Sauermann of the required condominium documents, and (b) Rustbrook entered into the contracts for sale before filing the prospectus with the Division.
On appeal Rustbrook first contends that the trial court incorrectly ruled that the contracts were voidable by Sauermann because of the lack of a signed receipt. Florida Administrative Code Rule 7D-18.01 provides that a contract for sale of a condominium unit is voidable by the purchaser within fifteen days after the buyer has *388 executed the contract and the buyer has signed a receipt for the required condominium documents. In this case, because Sauermann never signed a receipt he claimed (and the trial court agreed) that the contracts remained voidable.
However, rule 7D-18.01 is based on section 718.503(2), Florida Statutes, which provides that the buyer may terminate the contract “within 15 days after the buyer ... receives all of the documents required by this section.” Thus, under the language of the statute, Sauermann’s right to cancel his contracts expired fifteen days after he received the condominium documents in March 1982, regardless of the fact that he never signed a receipt for the documents.
We believe that the language of the statute controls in this situation. As the Florida Supreme Court said in Kimbrell v. Great American Insurance Co., 420 So.2d 1086, 1088 (Fla.1982), “It is true that a regulatory agency’s construction of a statute the agency is assigned to enforce is entitled to considerable weight_ However, when the language of a statute is plain and its meaning clear, resort to this or any other rule of statutory construction is unnecessary.” The language of section 718.503(2) clearly allows a buyer to cancel a contract for a period of fifteen days from his receipt of the documents. The intent of the legislature was doubtless to allow the buyer sufficient time to inspect the documents before being bound by the contract. Whether or not the buyer signed a receipt for the documents is irrelevant to the purpose of the fifteen-day period. The signed receipt required by the administrative regulations is more in the nature of an eviden-tiary aid to assist a developer in proving that a buyer in fact received the documents.
Rustbrook’s second point on appeal is that the contracts were not voidable for the second reason given by the trial court — that Rustbrook entered into a contract before filing the prospectus with the Division. Section 718.502(1), Florida Statutes (1981), requires a developer to file' certain documents, including a prospectus, and states that “[ujntil the developer has so filed, a contract for sale ... shall be voidable by the purchaser ... prior to the closing of his purchase ... of a unit.” The statute clearly states that a contract is voidable by the purchaser “until the developer has so filed.” This connotes that once the developer files the required documents, the contract is no longer voidable (except to the extent other portions of the Condominium Act apply, such as the fifteen-day waiting period discussed above).
Sauermann contends that under language in section 718.504 any contract is unenforceable if it is entered into before the filing requirement is met. Section 718.-504 says that a developer shall prepare a prospectus and file it with the Division “prior to entering into an enforceable contract of purchase and sale of any unit.” While it may be argued, as Sauermann does, that section 718.504 indicates that any contract entered into before the filing of the prospectus is and remains unenforceable, we do not believe that any such indication can overcome the language of section 718.502(1) which we construe as saying that the contract is unenforceable only until the required documents are filed.
Because we find under the foregoing statutory construction that the contracts were not voidable by Sauermann on either of the two grounds argued, we reverse and remand for proceedings consistent herewith.
RYDER, C.J., and SCHOONOVER, J„ concur.