DANAHY, Acting Chief Judge.
Appellants (Mr. and Mrs. Cullars) brought this suit to recover damages for injuries sustained by Mrs. Cullars in an automobile accident. On May 22, 1981, Mrs. Cullars was employed as a deputy sheriff by appellee (Manatee County). On that date, while driving a vehicle owned by Manatee County, she stopped at an intersection intending to make a left turn. A vehicle directly behind her also stopped, but a third vehicle driven by William Bernard Frazier failed to stop and struck the second vehicle, which in turn collided with the automobile occupied by Mrs. Cullars.
Frazier’s liability insurer paid its policy limits of $10,000 to Mrs. Cullars. Manatee County had purchased automobile liability insurance coverage with limits of liability of $500,000 per person and $500,000 per accident, the County being the named insured; however, the County's policy did not provide uninsured motorist coverage.
In this action, Mr. and Mrs. Cullars sought to establish that Manatee County had a duty to provide uninsured motorist coverage to Mrs. Cullars or, alternatively, that there was uninsured motorist coverage under the County’s policy because the County did not make a proper rejection of uninsured motorist coverage. The trial judge dismissed the Cullars’ complaint with prejudice and they appeal. We reverse.
We reject the Cullars’ first theory of liability; that is, that there was a duty on the part of Manatee County to provide uninsured motorist coverage to Mrs. Cul-lars. The facts alleged in the complaint simply do not present a theory under which such a duty could be found. But the complaint clearly alleged that Manatee County failed to make a proper rejection of uninsured motorist coverage when it acquired its liability policy. At the time of Mrs. Cullars’ accident, the law did not require that such a rejection be in writing. § 627.-727(1), Fla.Stat. (1983); Kimbrell v. Great American Insurance Co., 420 So.2d 1086 (Fla.1982). There is authority for the proposition that an employee has standing to question whether .his employer made a proper rejection of uninsured motorist protection. Lane v. Waste Management, Inc., 432 So.2d 70 (Fla. 4th DCA 1983). Whether there was a proper rejection of such coverage is a question of fact. Kimbrell.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SCHOONOVER, J., and SHAFER, ROBERT T., Associate Judge, concur.