PER CURIAM.
The jury instructions when considered as a whole fairly explained the issues to be decided. Therefore, we cannot say that the court erred in refusing to give the additional instructions requested by appellant. Yacker v. Teitch, 330 So.2d 828 (Fla. 3d DCA 1976). The instruction reciting that insurers have had statutory obligations concerning uninsured motorist coverage since 1972 which was given at the request of appellees was, at the most, irrelevant; it cannot be deemed prejudicial. The court properly refused to allow appellant to show that appellees did not seek to raise their uninsured motorist coverage limits until more than a year after the accident.
Therefore, we affirm the judgment reflecting the determination of appellees’ uninsured motorist coverage in an amount equal to their liability limits pursuant to section 627.727, Florida Statutes (1977). However, we reduce appellees’ attorney’s fee award by $3,200, the amount the court attributed to services rendered in a prior appeal in which we denied appellees’ motion for attorney’s fees. New Hampshire Insurance Co. v. Conner, 435 So.2d 274 (Fla. 2d DCA 1983).
GRIMES, A.C.J., and FRANK, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.