FRANK, Judge.
This matter was considered and determined by the lower court upon cross motions for summary judgment. The appellant, Guarantee Insurance Company, appeals from the final summary judgment entered upon the motion filed by Tommie V. Sloop. We reverse and direct that summary judgment be entered for Guarantee.
Sloop, in the course of his employment as a bus driver with the Hillsborough Transit Authority, was injured in an accident. He sought but was denied uninsured motorist (UM) coverage from Guarantee under a liability policy it had issued to the Authority. Sloop alleged in his complaint that Guarantee had not obtained a rejection of UM coverage from the Authority as is required in section 627.727, Florida Statutes. At the moment when the Authority purchased its liability coverage from Guarantee, section 627.727, in contrast to its present form, did not require that rejection of UM coverage be expressed in writing. Judicial application of the former statute required only that rejection be “knowingly” done. American Fire & Indemnity Co. v. Spaulding, 442 So.2d 206 (Fla.1983). Thus, we turn to the events surrounding the Authority’s purchase of the liability policy.
The Authority’s executive administrator, Orr, whose duty it was to initiate steps toward the procurement of a liability policy covering the vehicles owned and operated by the Authority, arranged for the assistance of a consultant, Simpson, then em *785 ployed by but on loan from the City of Tampa, to aid the Authority in procuring liability insurance. Simpson assumed the task of preparing specifications which were adopted by the Authority and then used to procure bids from insurance carriers. Ultimately Guarantee’s bid was presented to the Authority with Simpson’s recommendation that a policy be purchased from it. Simpson’s deposition discloses that the bid specifications he prepared for the Authority did not and were not intended to include UM coverage. The liability policy furnished to the Authority did not contain UM coverage. To have included UM coverage would have increased the Authority’s premium cost.
In granting Sloop’s motion for summary judgment, the lower court.found that the Authority “did not make a knowing rejection of UM coverage in that [Simpson] had no authority either by an agency relationship or by contract to act on behalf of the Board.” Based upon that conclusion the lower court determined that Guarantee’s policy contained UM coverage equal to the amount of the liability limit i.e., $1,000,-000.00. The essential defect in the lower court’s disposition of this matter was its perception of the role played by Simpson and the significance of that role in the decision reached by the Authority to purchase Guarantee’s policy.
Based upon the record before us, it is plain that Simpson was recruited and utilized by the Authority because of his expertise in the insurance industry. He possessed extensive training and education in the field. It is equally evident from the record that the Authority, in reliance upon Simpson’s skills, invested him with substantial authority to assess its liability insurance needs and charged him with the duty of formulating the specifications upon which insurance carriers would bid. Simpson did not include UM coverage in the specifications for the reason that he deemed it an unnecessary aspect of the liability policy. Thus, his recommendation to the authority, which it accepted, excluded UM coverage. Simpson’s status with and his activities on behalf of the Authority leave no question that his decision to eliminate UM coverage from the policy was no less the Authority’s decision than would have been the case had he not been involved and the Authority itself had drafted the bid specifications and purchased a liability policy excluding UM coverage. We find no basis for the conclusion that elimination of UM coverage from the policy was not a knowing rejection of it on the part of the Authority. The Authority placed great confidence in Simpson and by concurring in his judgment to purchase the Guarantee policy, it “knowingly” rejected UM coverage.
A trial court’s order comes to us with a presumption of correctness. Here, however, the presumption is overcome because of Simpson’s presence in this matter, the reason for it, the function he performed and the Authority’s reliance upon him. We are left with no choice other than to conclude, contrary to the trial court, that a knowing rejection of UM coverage occurred. Kimbrell v. Great American Ins. Co., 420 So.2d 1086 (Fla.1982).
Accordingly, this matter is remanded to the trial court for the entry of summary judgment for the appellant.
DANAHY, A.C.J., and CAMPBELL, J., concur.