LETTS, Judge,
dissenting.
The insureds, injured in an automobile accident, appeal from the grant of a new trial to the excess uninsured motorist insurance carrier because the trial judge was unable to enter a final judgment based on the verdict.
This is not the first time we have visited this controversy. See Gazie v. Illinois Employers Insurance of Wausau, 466 So.2d 1132 (Fla. 4th DCA 1985). On the initial occasion, we reversed the summary judgment in favor of the insurance company on the claim for excess uninsured motorist coverage, because there was a material issue of fact as to whether the signatures of the insureds, on the rejection of excess uninsured motorist coverage form, were forgeries. Upon remand, handwriting experts testified that the signatures were in fact forgeries, although the perpetrator of the false signatures was never identified.
The insureds had their primary coverage with State Farm which tendered its policy limits. The insureds had purchased that insurance, and also excess automobile liability coverage, the latter with Illinois Wau-sau, after application was made through one Ronald Winski, allegedly an employee of the local agent John Hancock Insurance. The only question presented to the jury was: For whom was Ronald Winski the agent?
In that connection the judge charged the jury as follows:
Now, ladies and gentlemen of the jury, the issues for your determination on the claim of Richard and Linda Gazie against Illinois Employers Insurance Company of Wausau and John Hancock Insurance Company on account of the alleged actions of Ronald Winski are as follows: Whether Ronald Winski was an agent of either Richard Gazie or Illinois Employers Insurance Company of Wausau and/or John Hancock Insurance Company, and was he acting within the scope of his apparent authority at the time and place of the incident complained of.
Unfortunately, the verdict form did not track the jury instruction in that its form neither included the words “or” nor “and/or.” The form used read as follows:
*1172 VERDICT FORM
1. Ronald Winski in procuring insurance for Richard and Linda Gazie was acting as an agent for:
A. Richard Gazie _
B. Illinois Employers Insurance Company of Wausau
C. John Hancock Insurance Company
SO SAY WE ALL this _ day of _, 1986.
The jury, apparently led astray by the form, found that Ronald Winski was the agent for ALL THREE OF THEM, so that the completed verdict form read:
VERDICT FORM
1. Ronald Winski in procuring insurance for Richard and Linda Gazie was acting as an agent for:
A. Richard Gazie X
B. Illinois Employers Insurance Company of Wausau X
C. John Hancock Insurance Company X
SO SAY WE ALL this Fourth day of March, 1986.
This is a perplexing case. First of all, it has never been established who forged the rejection form. Such a determination might prove difficult, it is true. However, so far as we can determine from the record, there has not even been an attempt to pin down the identity of the forger. Instead, the only question propounded to the jury was: Whose agent was Winski?
In a case out of our court, under facts similar to those at bar, we held as a matter of law that the procuring broker is the agent of the insured not the insurer. Empire Fire & Marine Insurance Company v. Koven, 402 So.2d 1352 (Fla. 4th DCA 1981). This holding is simply not compatible with the jury verdict in the case at bar. That incompatibility is exacerbated when the instructions to the jury are compared with the verdict form. I do not dispute the fact that a dual agency can exist and that a broker can be the agent for an insurer. See American Fire Insurance Co. v. King Lumber and Manufacturing Co., 74 Fla. 130, 77 So. 168 (1917). Also I recognize that an insurance broker can be an agent for an insured for one purpose yet not be such for some other purpose. The agency at issue here is a very narrow one; that is, the act of procuring a rejection of excess uninsured motorist coverage.
The injured insureds argue that as a matter of Florida law, Winski was acting as the agent for the excess insurer for the purpose of obtaining a signed, knowing rejection of excess uninsured motorist coverage. In Kimbrell v. Great American Insurance Company, 420 So.2d 1086 (Fla.1982), the Supreme Court discussed section 627.727(1), Florida Statutes (1975), and clearly placed its imprimatur on the First District’s holding in Wilson v. National Indemnity Co., 302 So.2d 141 (Fla. 1st DCA 1974), that the statute requires “that a rejection of uninsured motorist coverage or a selection of lower limits of coverage must be knowingly made.” The statute requires that uninsured motorist coverage be contained in a policy, unless it is rejected by the insured. See Glover v. Aetna Insurance Co., 363 So.2d 12, 13 (Fla. 1st DCA 1978), cited in Kimbrell. Importantly, the responsibility of obtaining a knowing rejection is the insurer’s. Industrial Fire & Casualty Insurance Co. v. Kwechin, 447 So.2d 1337 (Fla.1983); Bankers Insurance Co. v. Sosa, 448 So.2d 1181 (Fla. 3d DCA 1983). Thus, the issue arises whether the legal requirement that a rejection form must be obtained by the insurer ipso facto creates an agency relationship between the excess insurer and the independent insurance agent.
The one thing I am sure of in this case is that the verdict form did not comport with the issue placed before the jury. However, the agency issue remains. I am not comfortable with our 1981 ruling in Empire Fire & Marine Insurance Company v. Koven which unequivocally holds as a matter of law that in a situation such as this, the broker is the agent of the insured, not the insurer. After Koven was decided, the Supreme Court in Industrial Fire & Casualty Insurance Co. v. Kwechin clearly put the responsibility of obtaining a knowing rejection upon the insurer. This being so, it seems anomalous to say that the independent agent is the agent of the insureds for the purpose of obtaining a knowing rejec *1173 tion for the insurer. In this case, the signatures on the rejection are forgeries. That being true, the insureds certainly can not be said to have made a knowing rejection.
Because I feel bound by Koven, I conclude, as a matter of law, that the agent Winski must be considered to be the agent of the Gazies. However, deeming the matter to be of great public importance, I would certify the following questions:
1. WHEN AN INSURANCE BROKER/AGENT SELECTS AN INSURANCE COMPANY FOR HIS MOTORIST CLIENT AND THEN PROCESSES AN APPLICATION THROUGH THAT COMPANY, FOR THE PURPOSE OF OBTAINING A REJECTION OF UNINSURED MOTORIST COVERAGE PURSUANT TO SECTION 627.727(1), FLORIDA STATUTES (1985), IS THE BROKER/AGENT AN AGENT FOR THE INSURANCE COMPANY CONTRARY TO WHAT WE SAID IN EMPIRE FIRE & MARINE INSURANCE COMPANY V. KOVEN?
2. WHEN THE REJECTION FORM IS AN ADMITTED FORGERY, DOES THAT AS A MATTER OF LAW, RESULT IN FULL EXCESS COVERAGE?