COWART, Judge.
While operating a motorcycle owned by his employer, appellant Scalf was injured by appellee Laurain, an uninsured motorist. The employer had uninsured motorist insurance coverage with appellee insurer. When Scalf sued appellee Laurain and ap-pellee insurer, the insurer defended on the ground that Scalf was not operating the motorcycle with the permission and consent of his employer. After a trial of the issue, a jury found Laurain liable and that Scalf was operating the motorcycle with the permission of his employer. Scalf appeals the trial court’s denial of an award of attorney’s fees.
Appellee insurer argues that section 627.-727(8), Florida Statutes, authorizing attorney’s fees against insurers under section 627.428, does not apply to uninsured motorist coverage unless there is a dispute over whether the policy provides coverage for an uninsured motorist proven to be liable *934 for the accident. The insurer asserts, in effect, that it did not actually dispute or deny coverage but merely presented to the jury the factual issue of whether or not Scalf had permission from his employer to operate the motorcycle because Scalf s employer had denied that fact, citing Government Employees Ins. Co. v. Battaglia, 503 So.2d 358 (Fla. 5th DCA 1987).
We cannot agree with the insurer. If appellant Scalf was operating his employer’s motorcycle with his employer’s permission, Scalf had coverage as an omnibus insured under the employer’s uninsured motorist policy. If appellant Scalf was not operating the motorcycle with the employer’s permission, then Scalf was not covered under his employer’s uninsured motorist policy. Therefore, the insurer’s factual dispute with Scalf as to the employer’s permission for Scalf to operate the motorcycle was a dispute over whether or not the uninsured motorist policy provided coverage.[1]
That portion of the final judgment denying appellant Scalf attorney’s fees is reversed and the cause remanded for further proceedings.
REVERSED and REMANDED.
SHARP, C.J., and DAUKSCH, J., concur.

. While not directly on point because they do not construe section 627.727(8), Florida Statutes, appellant Scalf cites Lane v. Waste Management, Inc., 432 So.2d 70 (Fla. 4th DCA 1983), rev. denied, 441 So.2d 633 (Fla.1983); Smith v. Conlon, 355 So.2d 859 (Fla. 3d DCA 1978); and Earnest v. Southeastern Fidelity Ins. Co., 407 So.2d 995 (Fla. 3d DCA 1981).